**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Julian QUIROZ, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Henry ALSUP, Defendant-
Appellant.**

**Nos. 26374, 26690.**

United States Court of Appeals,
Ninth Circuit.

Oct. 6, 1971.

584

T. Roger Duncan, Hollywood, Cal., for Robert Julian Quiroz.

Alvin S. Michaelson, Los Angeles, Cal., for William Henry Alsup.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Brian J. O'Neill, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CARTER, TRASK and CHOY, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Appellants, following a conviction by a jury, were sentenced and placed on probation under the Youth Correction Act. The convictions were based on an indict-ment charging appellants with a violation of 18 U.S.C. § 922(g), to-wit, transporting firearms in interstate commerce while appellants were under indictment for a crime punishable by imprisonment for a term exceeding one year, to-wit the Dyer Act, 18 U.S.C. § 2312. Two guns were found in the car in which the appellants were traveling. One was a .22 caliber firearm belonging to appellant Quiroz, and the other a .22 caliber starter gun belonging to appellant Alsup. Prior to trial the Dyer Act charge was dismissed.

Both appellants contend:

(1) 18 U.S.C. § 922(g) is constitutionally defective insofar as it applies to one as to whom the underlying indictment has been dismissed prior to trial; (2) 18 U.S.C. § 921(a) (3) is unconstitutionally vague in its definition of a firearm; and (3) that the evidence was insufficient to support the conviction. (4) Appellant Alsup also contends that the trial court erred in admitting expert testimony that a .22 caliber starter pistol could be converted into a weapon that would shoot projectiles. We affirm.

I.

*Constitutionality of 18 U.S.C. § 922 (g) as applied.*

At the time of the return of the indictment of appellants, under which they were convicted they were also under indictment for a violation of the Dyer Act, 18 U.S.C. § 2312. Prior to trial this latter indictment was dismissed. Appellants moved below to dismiss the indictment under 18 U.S.C. § 922(g) on the ground that the section, as applied to a person *not convicted* of the underlying indictment, denies that person due process of law.

The contention is without merit. DePugh v. United States (8 Cir. 1968) 393 F.2d 367, cert. denied 393 U.S. 932, 89 S.Ct. 101, 21 L.Ed.2d 102 considered and held to be without merit, a similar contention made to a conviction under 15 U.S.C. § 902(e) the predecessor statute

to 18 U.S.C. § 922(g). There the underlying indictment had been subsequently quashed by the state court after sentence had been imposed on the charge contained therein. This court in United States v. Liles (9 Cir. 1970), 432 F.2d 18 upheld a conviction of a defendant, a felon, for possession of a firearm under 18 U.S.C.App. § 1202(a). There the prior felony conviction of the defendant had been reversed prior to his conviction under 18 U.S.C.App. § 1202(a).

In the case at bar, at the time of the transportation of the guns in interstate commerce, the Dyer Act indictment was pending. The crime charged comes clearly within the statute. Congress did not say that a *conviction* on the underlying indictment was an ingredient of the crime. We see no constitutional problem.

## II.

Both appellants attack 18 U.S.C. § 921(a) (3), defining a firearm, as unconstitutionally broad. The contention is that the statute requires a layman to make the determination as to whether the starter gun is readily convertible into a shooting weapon. In essence this argument attacks the failure of the statute to require scienter of the convertibility of the firearm. Appellant Quiroz particularly contends there was no proof of scienter and that he was unaware that transporting the .22 caliber firearm across state lines, while under indictment for a felony, violated the law.

■ No scienter is required under a prosecution for a violation of 18 U.S.C. App. § 1202(a) (a felon in possession of a firearm). United States v. Crow (9 Cir. 1971) 439 F.2d 1193. That crime is a statutory offense and not a common law crime.

■ *Crow* notes numerous statutory crimes where scienter is not an essential element. *Id.* p. 1195. Congress may prohibit certain prescribed conduct and

need not include scienter as a necessary element.

The statute in question, 18 U.S.C. § 921(a) (3), describes a firearm:

"The term 'firearm' means any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive; * * * *"

■ The statute violated by the appellants, 18 U.S.C. § 922(g), does not contain a scienter element. It was not necessary to allege or prove that the appellant Alsup knew the .22 caliber starter gun could be converted so as to fire a projectile. Appellant Quiroz's contention of lack of scienter is likewise without merit.

■ Appellant Alsup's contention that 18 U.S.C. § 921(a) (3) and 18 U.S. C. § 922(g) are unconstitutionally vague is also without merit. In order that a statute be constitutionally free of vagueness, it must give a fair warning as to the nature of the proscribed conduct. Rowan v. United States Post Office Department, 397 U.S. 728, 90 S.Ct. 1484, 25 L.Ed.2d 736 (1970). The statutes here clearly prohibit a person, under indictment, from transporting a readily convertible starter gun in interstate commerce. Such a person is given a fair warning that if the starter gun he intends to transport is readily convertible then he is in violation of the statute. We hold that the statutes give fair warning and thus are not unconstitutionally vague.

## III and IV.

We have examined the appellants' contention that the evidence was insufficient to support the conviction and the contentions of Alsup that the court erred in admitting into evidence the testimony of an expert witness, and find no merit in either contention.

The judgments are affirmed.