UNITED STATES of America, Appellee,

v.

Stanley Arthur LOCKE, Appellant.

No. 76–2310.

United States Court of Appeals,
Ninth Circuit.

Oct. 12, 1976.

William W. Becker (argued), Pocatello, Idaho, for appellee.

Dan E. Dennis, Asst. U.S. Atty. (argued), Boise, Idaho, for appellant.

Before LAY,* WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant was convicted on three counts of receiving and possessing firearms while a convicted felon in violation of 18 U.S.C.App. § 1202(a)(1). The primary issue before the district judge was whether, prior to his receiving and possessing the firearms, the appellant had been convicted of a felony. It is agreed that appellant had heretofore entered a plea of guilty in the state court of Idaho to a charge of burglary in the nighttime. After receipt of a presentence report, the state judge ordered that pursuant to the Idaho statute sentence be withheld for a period of three years and that appellant be placed on probation to the Idaho State Board of Corrections for said period of time. The facts are more thoroughly delineated in *United States v. Locke,* 409 F.Supp. 600 (D.Idaho 1976). They need not be detailed here because the appellant has admitted everything necessary to support conviction save that he was a convicted felon.

We are convinced that the district court correctly applied the applicable state and federal law to the agreed facts and that the judgment of conviction must be affirmed.

The appellant admits that he never sought relief from his conviction under the pertinent Idaho statute. We, therefore, are not concerned with an expunction statute

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

similar to that before the court in *United States v. Potts*, 528 F.2d 883 (CA9 1975), but express the view that the majority and concurring opinions in that case, when read together, fully support our conclusions. Judge Sneed's careful anaiysis of the controlling federal law in *Potts* is equally applicable to the record before us. *See also United States v. Kelly*, 519 F.2d 794 (CA8 1975), *cert. denied* 423 U.S. 926, 96 S.Ct. 272, 46 L.Ed.2d 254 (1975); *United States v. Mostad*, 485 F.2d 199 (CA8 1973), *cert. denied* 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974).

Because the crimes here charged do not require a specific intent, *United States v. Quiroz*, 449 F.2d 583, 585 (CA9 1971), the fact that appellant may have been advised by a public defender that he was not a convicted felon, has no relevance. *See also United States v. Mathews*, 518 F.2d 1296 (CA9 1975).

AFFIRMED.