UNITED STATES of America,
Plaintiff-Appellee,

v.

Horace BENSON, Defendant-Appellant.

No. 77-2770.

United States Court of Appeals,
Ninth Circuit.

July 10, 1978.

Daniel Markoff, Asst. Fed. Public Defender, Las Vegas, Nev., for defendant-appellant.

David T. Spurlock, Asst. U. S. Atty. (argued), Las Vegas, Nev., for plaintiff-appellee.

Before GOODWIN, WALLACE and HUG, Circuit Judges.

WALLACE, Circuit Judge:

Benson appeals from his conviction of violating 18 U.S.C. § 922(h)(1), receipt of a firearm shipped in interstate commerce by a person convicted of a crime punishable by imprisonment for more than one year. The procedural posture of Benson's appeal raises an important question concerning "an essential part of the [criminal justice] process," the plea bargain. *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). We vacate and remand.

I

On March 16, 1977, Benson was charged by indictment with violating section 922(h)(1). He thereafter pleaded not guilty and moved to suppress certain incriminatory statements he had previously made to federal agents. The motion was denied without a hearing. On June 17, 1977, Benson withdrew his original plea and entered a plea of guilty pursuant to a negotiated plea bargain. As part of the bargain, it was agreed that Benson would be given no more than three years' incarceration and would be allowed to challenge on appeal the denial of the motion to suppress and to argue that his earlier state conviction did not satisfy the prior conviction element of section 922(h)(1). The district court accepted the guilty plea and sentenced Benson in conformity with the plea agreement. Benson then brought this appeal, raising the two grounds reserved in the agreement and challenging the constitutionality of section 922(h)(1).

Benson's constitutional attack on section 922(h)(1) is expressly foreclosed by our prior opinion in *United States v. Haddad*, 558 F.2d 968, 972–74 (9th Cir. 1977). Benson's additional claims, however, raise a more problematic issue.

II

Benson asks us to review the district judge's denial of a motion to suppress and to determine whether one of the requisite elements of the offense was satisfied. His guilty plea, however, requires us to decline to do so.

Clearly, Benson's challenge to a material element of the offense cannot now be raised. We have consistently held that a defendant's plea of guilty conclusively admits all factual allegations of the indictment. "The effect is the same as if appellant had been tried before a jury and had been found guilty on evidence covering all of the material facts." *United States v. Davis*, 452 F.2d 577, 578 (9th Cir. 1971); *accord, Berg v. United States*, 176 F.2d 122,

125 (9th Cir.), *cert. denied*, 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537 (1949); *cf. McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969) ("a guilty plea is an admission of all the elements of a formal criminal charge").

The same result obtains with respect to the district court's refusal to suppress the statements. The Supreme Court has clearly held that a voluntary and intelligent plea of guilty forecloses inquiry into alleged antecedent constitutional deprivations. *See Tollett v. Henderson*, 411 U.S. 258, 266–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

Because the law is so clear, we would ordinarily reject Benson's claims without additional discussion. In this case, however, we are required to determine the effect, if any, of that aspect of the plea bargain which purportedly allows Benson to press these claims here notwithstanding his guilty plea. In our view, this provision of the plea bargain does not change the finality rules described above.

The "conditional guilty plea," whereby a defendant is permitted to plead guilty and yet reserve certain issues for appellate review, is not without its supporters. At least two states have adopted statutory schemes permitting post-guilty plea appeals for specific issues.[1] On the other hand, it has been argued that this procedure crowds appellate dockets with frivolous claims, destroys finality, and is unduly beneficial to admittedly guilty defendants. *See generally* Comment, *Appellate Review of Constitutional Infirmities Notwithstanding a Plea of Guilty*, 9 Hous.L.Rev. 305, 319–323 (1971).

We need not, however, weigh the merits and demerits of the opposing arguments in order to determine whether approval of the conditional guilty plea would be appropriate for our circuit. Not only is there no statutory basis for such a procedure, but we believe it would be contrary to decisions of the Supreme Court and, therefore, we are compelled to disapprove its use.[2]

The Supreme Court has gone to great lengths to explore and explain the significance of a voluntary and intelligent plea of guilty. *See Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). The essence of the *Brady* trilogy is that

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson, supra*, 411 U.S. at 267, 93 S.Ct. at 1608.

---

1. Cal.Penal Code § 1538.5(m) (West); N.Y. Crim.Pro.Law §§ 710.20(1), 710.70(2) (McKinney). *See generally, Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975).

   In addition, the Uniform Rules of Criminal Procedure would allow post-guilty plea appeals of orders denying suppression and other pretrial motions which, if granted, would be dispositive of the case. Uniform Rules of Criminal Procedure 444(d). *See generally* Uviller, *Pleading Guilty: A Critique of Four Models*, 41 Law & Contemp.Prob. 102 (Winter 1977).

2. Apparently, the propriety of the conditional guilty plea has been considered, to varying degrees, by five of our sister circuits. The Third Circuit has approved its use without analysis. *See United States v. Zudick*, 523 F.2d 848, 852 (3d Cir. 1975). Conversely, the Fifth and Sixth Circuits have expressly disapproved the conditional guilty plea. *See United States v. Sepe*, 486 F.2d 1044, 1045 (5th Cir. 1973); *United States v. Cox*, 464 F.2d 937, 945 (6th Cir. 1972). In addition, the Seventh and Fourth Circuits have apparently disapproved this procedure. *See United States v. Brown*, 499 F.2d 829, 832 (7th Cir.), *cert. denied*, 419 U.S. 1047, 95 S.Ct. 619, 42 L.Ed.2d 640 (1974) (following the analysis of *United States v. Cox*); *United States v. Matthews*, 472 F.2d 1173, 1174 (4th Cir. 1973) (upholding district judge's refusal to allow a conditional guilty plea).

We believe that the use of the conditional guilty plea is grossly inconsistent with the principle recognized in the *Brady* trilogy and reaffirmed in *Tollett*. *Accord, United States v. Cox*, 464 F.2d 937, 942 (6th Cir. 1972). A criminal defendant and the prosecutor may not contractually suspend the operation of the rules announced in these cases in order to give the defendant a right which the Court has clearly ruled he does not have. Thus, while a plea bargain permits a defendant to waive that to which he does have a right (e. g., a trial), it does *not* permit him to arrogate that to which he is clearly *not* entitled.[3]

■ Having concluded that a plea bargain may not bypass the rules announced in the *Brady* trilogy and *Tollett*, we hold that Benson is foreclosed from raising his contentions on direct appeal. However, because we had not previously ruled on the validity of the conditional guilty plea and because Benson's plea may have been given in reliance on his ability to pursue a direct appeal, we believe fairness requires us to vacate the conviction and remand the matter to the district court to give Benson the opportunity, if he chooses to do so, to withdraw his guilty plea and to plead anew. In future cases, however, it will be clear that a defendant may not couple a guilty plea with a reservation of a right to appeal, and therefore these considerations of fairness will not assist a defendant entering a plea after today.

■ Of course, a defendant who enters a guilty plea on counsel's erroneous advice that he may so plead and still preserve issues for direct appeal may attack the voluntary and intelligent character of the plea. *Tollett v. Henderson, supra*, 411 U.S. at 266–67, 93 S.Ct. 1602; *McMann v. Richardson, supra*, 397 U.S. at 770–71, 90 S.Ct. 1441. This type of post-conviction relief must,

however, be pursued by the appropriate procedure. *See* 28 U.S.C. § 2255.

**VACATED AND REMANDED.**

---

**3.** Our holding does not conflict with *Lefkowitz v. Newsome, supra*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196. In *Lefkowitz*, the Court permitted federal habeas corpus review of a state guilty-plea conviction. That case, however, turned on the existence of a specific state statute which permitted post-guilty plea review for

the purposes advanced in the habeas petition. In this case, however, we do not deal with a state's modification of the guilty plea finality rule for its own courts and judgments. On the contrary, we deal with the purported contractual suspension of this rule by a federal prosecutor and criminal defendant.