UNITED STATES of America,
Plaintiff-Appellee,

v.

Phillip Clark HERRELL,
Defendant-Appellant.

No. 78–1511.

United States Court of Appeals,
Ninth Circuit.

Nov. 16, 1978.

Rehearing and Rehearing En Banc Denied
Dec. 8 and 26, 1978.

Michael Tryon (argued), Phoenix, Ariz., for defendant-appellant.

Joel D. Sacks, Asst. U. S. Atty. (argued), Phoenix, Ariz., for plaintiff-appellee.

Before CHOY and SNEED, Circuit Judges, and WILLIAMS *, District Judge.

CHOY, Circuit Judge:

Appellant Phillip Herrell appeals his conviction by a jury for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(h). We affirm.

I

In 1973, Herrell pleaded guilty in an Arizona court to a charge of grand theft. He was placed on probation for three years. On March 4, 1977, the judgment against Herrell was vacated, the grand theft charge dismissed, and Herrell's civil rights were restored. This expunction was made under Ariz.Rev.Stat. § 13–1744.[1]

---

* The Honorable Spencer M. Williams, United States District Judge for the Northern District of California, sitting by designation.

1. Every person convicted of a criminal offense . . . may upon fulfillment of the condi-

On June 6, 1977, Herrell was found in possession of a pistol which is the subject of Count I of his federal indictment. On September 14, 1977, he was found in possession of another pistol which is the subject of Count II of his federal indictment. Herrell testified at trial that the pistol in Count I was his, but that the pistol in Count II was not. Herrell was convicted on Count I and was found innocent on Count II.

## II

Herrell first claims that his Arizona conviction for grand theft is invalid as a matter of both state and federal law. Therefore, he argues, that conviction is an inadequate basis for criminal liability under 18 U.S.C. § 922(h). The grand theft conviction is attacked on the ground that there was no factual basis for his plea of guilty.

Arizona Rule of Criminal Procedure 17.3 provides that a factual basis for a plea of guilty must be established before the plea can be accepted.[2] Federal Rule of Criminal Procedure 11(f) contains a similar requirement[3] and was the source of the Arizona rule. *State v. Carr*, 112 Ariz. 453, 454, 543 P.2d 441, 442. Herrell claims that both of these rules were violated in the Arizona proceedings.

Before accepting Herrell's plea of guilty to the grand theft charge, the Arizona court explained that his plea of guilty would be a waiver of his right to a jury trial, his privilege against self-incrimination and his right to compel the attendance of witnesses. The court also informed him that his guilty plea would be an admission that he stole two rifles, two scopes and a shotgun. Herrell, represented by counsel, stated that he understood his rights and that he was waiving them and also said that the charge that he had taken the weapons and scopes was true. However, it does not appear on the record that any evidence was heard regarding the value of the goods taken, nor did the court make any express findings regarding the value of the goods.

Herrell contends that although this explanation and questioning established a factual basis for a theft, no factual basis was established as to the value of the goods taken, which under the Arizona law applicable at the time must have been worth $100.00 or more to sustain a grand theft conviction. Ariz.Rev.Stat. § 13–663 (Supp. 1973). He argues that this failure invalidates his conviction because it violates Ariz.R.Crim.P. 17.3 and Fed.R.Crim.P. 11(f). Thus, he continues, the conviction cannot be a proper basis for a violation of 18 U.S.C. § 922(h).

In *United States v. Liles*, 432 F.2d 18 (9th Cir. 1970), this court held that, even though a prior conviction had been reversed by the Fifth Circuit because of insufficient evidence it could still serve as the basis for a conviction for possession of a firearm by a felon. *Liles* held that Congress did not intend to exempt from the statute making

---

tions of probation or sentence and discharge by the court, apply to . . . have the judgment of guilt set aside. . . . If the judge . . . grants the application . . the judge . . . shall set aside the judgment of guilt, dismiss the accusations or information and order that the person be released from all penalties and disabilities resulting from the conviction except that the conviction may be pleaded and proved in any subsequent prosecution of such person for any offense as if the judgment of guilt had not been set aside.

Ariz.Rev.Stat. § 13–1744 (1957–77 Supp.), *amended and renumbered as* Ariz.Rev.Stat. § 13–807 *on Oct. 1, 1978.*

2. Before accepting a plea of guilty . . . the court shall address the defendant personally in open court and determine that he wishes to forego the constitutional rights of which he has been advised, that his plea is voluntary and not the result of force, threats or promises (other than a plea agreement) and that there is a factual basis for the plea. Ariz.R.Crim.P. 17.3. Rule 17.3 was amended after Herrell's grand theft conviction to provide that the trial court may determine that there is a factual basis for a guilty plea either at the time the plea is accepted or when the judgment is entered. Ariz.R.Crim.P. 17.3 (eff. Aug. 1, 1975).

3. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea. Fed.R.Crim.P. 11(f).

such possession a crime "one whose status as a convicted felon changed after the date of possession, regardless of how that change of status occurred." *Id.* at 20. This court has further indicated that "[t]he only limitation . . . placed upon this broad construction is one required by the federal Constitution; 'convicted' felon does not include one whose prior conviction is later reversed because of certain federal constitutional defects." *United States v. Pricepaul,* 540 F.2d 417, 424 (9th Cir. 1976), *citing McHenry v. California,* 447 F.2d 470, 471 (9th Cir. 1971).

Herrell's grand theft conviction was not challenged prior to his being found in possession of the two pistols. And his claim that the Arizona conviction is invalid is based on statutory rather than constitutional grounds.[4] A defense to his 18 U.S.C. § 992(h) prosecution based on a challenge to the underlying conviction on non-constitutional grounds is controlled by *Liles* and is thus unavailing.

### III

■ Appellant next contends that his conviction under 18 U.S.C. § 922(h) cannot be based on his prior grand theft conviction as that conviction has been expunged and his civil rights restored.

Arizona's expunction statute provides for the vacating of conviction, dismissal of charges, and restoration of civil rights. *See* note 1 *supra.* However, a proviso to Ariz. Rev.Stat. § 13–1744 states that after a conviction is expunged "the conviction may be pleaded and proved in any subsequent prosecution of such person for any offense as if the judgment of guilt had not been set aside."

In *United States v. Potts,* 528 F.2d 883 (9th Cir. 1975) (en banc), this court was faced with a claim similar to that of Herrell. In addition, the Washington expunction statute involved in that case had a proviso almost identical to that found in Ariz.Rev.Stat. § 13–1744.[5] We decided in *Potts* that expunction under the Washington statute did not eliminate a prior state conviction as a basis for a federal conviction for possession of a firearm by a convicted felon. We find that *Potts* controls Herrell's claim and thus reject this asserted error.

### IV

■ Finally, Herrell urges that the district court committed reversible error in admitting evidence of a prior similar act in that a neighbor was allowed to testify, as part of the Government's case-in-chief, that the pistol which is the subject of Count I was in Herrell's possession in July of 1975. The Government contends that this testimony was necessary to show receipt and was not evidence of a prior similar act. Herrell points out, however, that possession is sufficient to establish receipt. *See, e. g., United*

4. The Rules contained in Fed.R.Crim.P. 11(f) and Ariz.R.Crim.P. 17.3 are not constitutionally mandated. *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), sets out the relevant constitutional requirements for accepting a plea of guilty: a defendant must be informed that he is electing to forego his constitutional rights to be free from compulsory self-incrimination, to have a jury trial and to confront his accusers. This warning is required by the Constitution to insure that a defendant's guilty plea is freely and intelligently given.

The rule provided by Fed.R.Crim.P. 11(f) is part of the federal scheme to further insure voluntariness. But this precise rule is based on the housekeeping power of the Supreme Court, with the consent of Congress, over the federal courts. Failure to meet Rule 11(f) requirements may result in a reversal of a federal

conviction based upon a guilty plea, but if *Boykin* is not violated, there is no constitutional infirmity. *Pricepaul* indicates that a successful challenge based on Rule 11(f) would not change a "convicted" felon's status: the challenged conviction could still be a basis for an 18 U.S.C. § 922(h) violation.

Arizona Rule of Criminal Procedure 17.3 violations are subject to a similar analysis. Rule 17.3 is a housekeeping, rather than a constitutionally-mandated, rule.

5. *Provided,* That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.

Wash.Rev.Code Ann. § 9.95.240, *quoted in United States v. Potts,* 528 F.2d at 885.

*States v. Mitchell,* 557 F.2d 1290, 1292 (9th Cir. 1977).

Assuming that this evidence was evidence of a prior similar act, the rule in this Circuit is clear. In interpreting Fed.R.Evid. 404(b), this court has held:

> Evidence of prior acts is admissible to demonstrate a defendant's criminal intent if (1) the prior act is similar and close enough in time to be relevant, (2) the evidence of the prior act is clear and convincing and (3) the trial court determines that the probative value of the evidence outweighs any potential prejudice.

*United States v. Brashier,* 548 F.2d 1315, 1325 (9th Cir. 1976), *cert. denied,* 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 565 (1977). This court has also stated that Rule 404(b) is a rule "of inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove *only* criminal disposition." *United States v. Sigal,* 572 F.2d 1320, 1323 (9th Cir. 1978), *quoting United States v. Rocha,* 553 F.2d 615, 616 (9th Cir. 1977).

The relevant standard of review is "whether the district court abused its discretion when it decided that the tendency of the evidence in question to prove the essential elements of knowledge and intent outweighed its potential prejudice." *United States v. Rocha,* 553 F.2d at 616. There is no indication that the trial court abused its discretion in admitting the challenged testimony. Thus, there is no error.

AFFIRMED.