UNITED STATES of America,
Plaintiff-Appellee,

v.

Horace BENSON, Defendant-Appellant.

No. 78–3215.

United States Court of Appeals,
Ninth Circuit.

July 19, 1979.

Daniel Markoff, Las Vegas, Nev. (argued) for defendant-appellant; Kenneth C. Cory, Las Vegas, Nev., on brief.

Rimantas Rukstele, Asst. U. S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before TUTTLE,[*] ELY and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Benson appeals from his conviction of violating 18 U.S.C. § 922(h)(1), receipt of a firearm shipped in interstate commerce by one convicted of a crime punishable by imprisonment for more than one year. We affirm.

This case comes before us for the second time. Appellant pleaded guilty pursuant to a negotiated plea bargain in June 1977. We vacated, holding that Benson could not enter a conditional plea of guilty. Because we had not previously ruled on the validity of the conditional guilty plea, Benson was given the opportunity to withdraw his plea and to plead anew. *United States v. Benson*, 579 F.2d 508 (9th Cir. 1978).

On remand, he was tried and convicted by a jury and sentenced to five years probation.

It is undisputed that Benson received a firearm which had been shipped in interstate commerce. His sole contention on the merits is that the trial court erred in ruling that his earlier state conviction satisfied the prior conviction element of § 922(h)(1).[1]

Benson pleaded guilty in 1974 to a charge of possession of a controlled substance in violation of Illinois' Controlled Substance Act, Ill.Rev.Stat. ch. 56½, § 1402. Violation of § 1402 is a felony and carries a ten year maximum prison term. The state court sentenced Benson to 30 months of probation.

█ It is not clear on the record whether he was "convicted" under Illinois law.[2] Whether he was convicted for purposes of § 922(h)(1), however, is ultimately a question of federal law. *United States v. Bergeman*, 592 F.2d 533 (9th Cir. 1979); *United States v. Pricepaul*, 540 F.2d 417, 424 (9th Cir. 1976). See also *Reconstruction Finance Corp. v. Beaver County*, 328 U.S. 204, 66 S.Ct. 992, 90 L.Ed. 1172 (1946); *United States v. Herrell*, 588 F.2d 711 (9th Cir. 1978); *Hyland v. Fukuda*, 580 F.2d 977, 980–81 (9th Cir. 1978); *United States v. Locke*, 542 F.2d 800, 801 (9th Cir. 1976); *United States v. Potts*, 528 F.2d 883, 887 (9th Cir. 1975) (en banc) (Sneed, J., concurring in result).

---

[*] Senior Circuit Judge for the Fifth Circuit.

1. Benson's attack on the constitutionality of § 922(h)(1) "is expressly foreclosed by our prior opinion in *United States v. Haddad*, 558 F.2d 968, 972–74 (9th Cir. 1977)." *United States v. Benson*, 579 F.2d at 509.

2. The district court believed that Benson was prosecuted under § 410 of Illinois' Food and Drug law which provides that for first offenders a court,

> without entering a judgment of conviction and with the consent of the accused, may defer further proceedings and place him on probation . . . . Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this Section is not a conviction for purposes of this Act or for purposes of disqualification or disabilities imposed by law upon conviction of a crime.

Ill.Rev.Stat. ch. 56½, § 1410.

The documents submitted by the government to prove conviction do not indicate whether Benson was sentenced under § 1410 or under Illinois' regular sentencing statute. The "Specifications and Certificate of Conditions of Probation Sentence" indicates that probation was granted under Illinois Revised Statutes, ch. 38, § 1005–6–3(c). That statute provides only that "[a]n offender sentenced to probation or to conditional discharge be given a certificate setting forth the conditions." Both parties argue that Benson was not sentenced to conditional discharge. If he was sentenced to probation, nothing in the statue or certificate indicates whether probation was granted pursuant to a judgment of conviction or pursuant to a deferred prosecution under § 1410.

The record of the state court proceedings in the Circuit Court of Cook County, Illinois indicates that the "Judgment of the Court is judgment on the plea." However, the court also ordered the "cause continued to March 31, 1977." It is not clear what effect this language has under Illinois law.

■ The Supreme Court has declared that

> A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.

*Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *See also Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). After explaining to Benson the consequences of pleading guilty to the charge of possession of a controlled substance, the Illinois court ordered that his plea "be received and accepted." We believe the court's acceptance and subsequent sentencing constitute a "conviction" under § 922(h)(1).

In *Locke*, we were faced with a claim similar to that made here. Locke pleaded guilty to a charge of burglary in the nighttime. The state court ordered under an Idaho statute that judgment be withheld for a period of three years and that Locke be placed on probation. We held that under "controlling federal law," Locke had been convicted of a felony. 542 F.2d at 801.[3]

We find that *Locke* controls Benson's claim and thus reject the asserted claim of error.

AFFIRMED.

ELY, Circuit Judge (concurring):

I reluctantly concur, and I concur only because of the compulsion of the precedent within our own Circuit. *See United States v. Bergeman*, 592 F.2d 533 (9th Cir. 1979); *United States v. Locke*, 542 F.2d 800 (9th Cir. 1976). I feel compelled, however, to reiterate my belief that we should respect a state's right to define and determine when an individual has been convicted under the state's law. *See Kelly v. Immigration & Naturalization Service*, 349 F.2d 473, 474–80 (9th Cir. 1965) (Ely, J., dissenting). Under the "principle" of national uniformity in the application of federal law, we have unnecessarily and unjustifiably intruded upon a sovereign right that, as I see it, appropriately belongs to the states.

Benson was convicted of violating 18 U.S.C. § 922(h)(1).[1] That statute's interpretation is governed by 18 U.S.C. § 927, a statute reflecting the clear intent of Congress *not* to intrude into areas traditionally reserved to the states:

> No provision of this chapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together.

Both the federal and state laws concern the subject of an individual "convicted" of a crime. There is, however, no "direct and positive conflict" between the federal and state statutes such that the statutes "cannot be reconciled or consistently stand together." The Illinois statutes define when a person stands "convicted" of a state crime for purposes of future disabilities and treatment. Although the concept of "conviction" is a key element of 18 U.S.C.

---

**3.** The court also found that Locke had been convicted under the applicable state law. 542 F.2d at 800.

**1.** 18 U.S.C. § 922(h)(1) provides:

(h) It shall be unlawful for any person—
(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

.     .     .     .     .

to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Benson's "receipt" of the firearm occurred shortly after he commenced work as a security guard in Nevada. His employer advised that Benson must carry a firearm as part of his regulation dress. Because Benson did not have a gun, he borrowed the firearm from a fellow security guard who worked a different shift. Benson's use of the gun was solely for his security-guard work. The firearm was always returned to its owner after Benson's shift was over.

§ 922(h)(1), that statute does not define the term. It is well settled that "unless Congress conveys its purposes clearly, it will not be deemed to have significantly changed the federal-state balance." *United States v. Bass*, 404 U.S. 336, 349, 92 S.Ct. 515, 523, 30 L.Ed.2d 488, 497 (1971). Thus, in the absence of a clear Congressional intent to the contrary, we ought to look to the state definition of conviction in applying § 922(h)(1) when the prior "conviction" was one of state law. *See United States v. Bergeman*, 592 F.2d 533, 538–42 (9th Cir. 1979) (Takasugi, J., dissenting). *See also* Holland, *Conviction Defined*, 40 J.State Bar of Calif. 36 (1965).

In the circumstances of this case, the District Court found that Benson was prosecuted under § 410 of the Illinois Food and Drug law—a deferred prosecution statute. *See* Majority Opinion, note 2. Assuming this to be correct, the Illinois court never did enter a judgment of conviction against Benson. During the oral argument of this case, the Assistant United States Attorney, representing the Government, conceded that this was true. Thus, this situation should be distinguished from one arising under an expunction statute wherein a judgment of conviction is entered and later "erased". As I long ago wrote, however, I still hold that when a state conviction is expunged by the state, there is no "conviction". Judge Holland's comments, *supra*, reflect the deep resentment that all state court judges hold because of our decisions upon which the majority rely. I entertain the same resentment, believing that we have officiously and wrongly usurped a state power.

It has been argued that adoption of state definitions, including expunction or deferred prosecution provisions, would lead to an uneven application of federal law, dependent upon the "vagaries" of state law. *See, e. g., Garcia-Gonzales v. Immigration & Naturalization Service*, 344 F.2d 804 (9th Cir. 1965). Yet, there can be no uniformity since, according to the very language of § 922(h)(1), a person is within the scope of the statute only when convicted "in any court of a crime punishable by imprisonment for a term exceeding one year." Because the states are generally free to define the elements of a crime and to determine the penalty, the length of the statutory sentence for a specific crime may and often does vary among the several states. Thus, an individual in one state who has committed a crime may find that he is within the ambit of § 922(h)(1) while a person who committed the identical crime in another state may not be within the scope of the federal statute. It is more than troubling, therefore, to hold that these state systems of sentencing comport with a theory of national uniformity while state expunction or deferred prosecution statutes must be ignored because "the application of federal criminal sanctions would depend solely upon where the defendant's previous conviction had occurred." *United States v. Bergeman, supra*, 592 F.2d at 537. *See id.* at 542 (Takasugi, J., dissenting); *Kelly v. Immigration & Naturalization Service, supra*, 349 F.2d at 475.

Deferred prosecution statutes, like expunction statutes, are based upon important policy concerns. The states enact these laws to deter recidivism and to promote the full rehabilitation of their citizens. In each case, the state has chosen to allow an individual familiar with the specific circumstances—the trial judge—to determine what criminal and civil sanctions should attach. *See Conviction Defined, supra.* Federal intrusion into this area wrongly impinges upon the states' power and right to fashion and pioneer effective rehabilitation programs. That intrusion "significantly change[s] the federal-state balance", *United States v. Bass, supra*, 404 U.S. at 349, 92 S.Ct. at 523, despite a clear Congressional intent to the contrary. 18 U.S.C. § 927. Because we respect a state's law insofar as defining the crime and sentence, we err in not according the states "the same respect in the application of its statute or of its decisions in the interpretation of the effect of a subsequent procedure taken under a [state] statute . . . ." *Kelly v. Immigration & Naturalization Service, supra*, 349 F.2d at 475.