995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome Perry HEARNE, Defendant-Appellant.
 No. 92-50315.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided May 25, 1993.
 
 1
 Before NOONAN and LEAVY, Circuit Judges, and FITZGERALD**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Hearne appeals his sentence following conviction of conspiracy to make false claims and making false claims against the United States in violation of 18 U.S.C. §§ 286 and 287. We affirm.
 
 FACTS
 
 4
 Hearne prepared documents necessary to file false and fictitious income tax returns for 1990 claiming refunds of taxes purportedly paid the United States and the state of California. Hearne's coconspirators recruited individuals to pose as taxpayers, obtaining their full names and social security numbers. Hearne created fictitious W2s and other documents showing earnings purportedly paid the fictitious taxpayers and the amounts of tax allegedly withheld. The fictitious returns and claims were filed with the government.
 
 PROCEEDINGS
 
 5
 Hearne and seven coconspirators were indicted for a conspiracy to file false claims in the amount of approximately $500,000 and for the filing of 76 individual false claims. The seven coconspirators pleaded guilty, and their pleas were taken by the same district judge who later took Hearne's plea. On November 4, 1991 Hearne pleaded guilty to the conspiracy count and 16 counts of filing false returns, including one return seeking a $30,000 refund.
 
 
 6
 The presentence report noted that the government had identified approximately $1 million in claimed refunds attributable to the fictitious returns. At the sentencing hearing the defendant contended that he was involved with only "$150,000, maybe $200,000" of the fraud. The government then presented the testimony of special agent Carlos Torres, who had investigated the case. Torres summarized the information that he had learned in his investigation, including statements made by the coconspirators.
 
 
 7
 The defendant presented no rebuttal testimony. The court observed:
 
 
 8
 I did take the pleas of all of the other defendants in this case. I examined them thoroughly. And they informed me concerning ... the involvement of Mr. Hearne. He is the kingpin of this particular conspiracy.... When one looks at Mr. Hearne's past record, he is a loose cannon. He has no respect for the law.... For these reasons and for the reasons that have been enunciated here in court, as well as spelled out in the [sentencing] memorandum, I find I must make an upward departure here and I find that the guideline sentencing range should be 168 to 210 months based on an offense level of 31 and a criminal history category of 5.
 
 
 9
 The court sentenced Hearne to 15 years, plus a fine of $100,000 and restitution of $200,000.
 
 
 10
 Hearne appeals his present sentence of incarceration, contending that Agent Torres' testimony was hearsay and that he was deprived of his right under the Confrontation Clause to challenge the witnesses against him.
 
 ANALYSIS
 
 11
 We need not reach the Confrontation Clause issue posed by Agent Torres's testimony. By pleading guilty to a charge of conspiracy to file approximately $500,000 in false claims and at least one charge of filing a false $30,000 claim, Hearne admitted that he had attempted to inflict a loss of over $500,000 upon the government. United States v. Mathews, 833 F.2d 161, 163 (9th Cir.1987); United States v. Benson, 579 F.2d 508, 509 (9th Cir.1978); see also United States v. Parker, 874 F.2d 174, 177-178 (3d Cir.1989). There is no merit in Hearne's contention that an intended or attempted loss due to a conspiracy cannot be counted under the Guidelines. See U.S.S.G. § 2F1.1, Application Note 7. The Guidelines explicitly provide that for a conspiracy the base offense level is "[t]he base offense level from the guideline for the substantive offense." U.S.S.G. § 2X1.1(a). For a loss of more than $500,000 there is an increase of 10 points. U.S.S.G. § 2F1.1.
 
 
 12
 Even if the government did not prove a loss of over $800,000, the error is harmless. Hearne's sentence falls within the range established by the Guidelines for losses between $500,000 and $800,000. U.S.S.G. § 5A. We need not remand "where the trial judge would have pronounced the same sentence whether a dispute as to the appropriate guideline range was resolved in favor of the defendant or the government." United States v. Turner, 881 F.2d 684, 688 (9th Cir.), cert. denied, 493 U.S. 871 (1989). When imposing sentence the district court expressed concern with Hearne's lack of responsibility and respect for the law. These comments make it apparent that the court would only impose the same sentence again if this case were remanded. Due to the binding nature of Hearne's plea and the overlapping ranges provided by the Guidelines, no remand is necessary.
 
 
 13
 Hearne also attacks the computation of his criminal history, contending that two sentences were imposed in a consolidated case. Hearne has not proved this contention.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3