15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Michael WRONKO and Ernesto Manuel Fonseca-Caro,
Defendants-Appellants.
 Nos. 93-10082, 93-10085.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1994.
Decided Jan. 31, 1994.
 
 Before: CHOY, SCHROEDER, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The appellants, Steven Michael Wronko and Ernesto Manuel Fonseca-Caro were both convicted after trial of one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846, and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). In earlier appeals from their convictions and sentences, we affirmed both convictions and remanded for resentencing. They now appeal their respective sentences for the second time.
 
 Wronko
 
 3
 Appellant Wronko was originally sentenced to 180 months imprisonment for conspiracy, and a consecutive 60 months for the firearm conviction. In his earlier appeal, we remanded for resentencing because we concluded that the district court had failed to calculate correctly or explain adequately Wronko's sentence, particularly with respect to the upward departure that the court had imposed. On resentencing, the district court retreated from its original position, and calculated Wronko's applicable Guideline range to be 78-97 months, based on a base offense level of 26 and a criminal history category III. In order to eliminate some of the disparity between Wronko's sentence and those of his codefendants who had bargained with the government and to account for the fact that both of Wronko's prior convictions were nearly fifteen years old, the district court then departed downward by fifteen months and ultimately sentenced Wronko to only 63 months imprisonment on the conspiracy charge. In this appeal, Wronko raises several new challenges to his resentencing.
 
 
 4
 A. Compliance with Remand Order.
 
 
 5
 Defendant first argues that the court erred in failing to give reasons for the base offense level and criminal history category that it applied, in violation of this court's directions in its earlier remand order. However, because the district court did not upwardly depart on resentencing, it was not required to give reasons for any departure. In addition, it is clear from the record that the district court calculated a base offense level of 26 and a criminal history category of III, based on the amount of marijuana Wronko provided the money to purchase in the charged and uncharged transactions testified to at trial, and Wronko's two prior felony convictions.
 
 
 6
 B. Criminal History Category.
 
 
 7
 Wronko argues that despite his prior convictions, his criminal history category should have been I. At sentencing, the government suggested that "in fairness," because defendant's two prior convictions were almost fifteen years old, it would not object if defendant were sentenced as a first time offender.
 
 
 8
 To the extent that defendant's arguments suggest that his criminal history category must be I, simply because the government was willing to accept that level, it is meritless. See U.S.S.G. Sec. 4A1.1(a) (prior convictions are to be counted unless they are more than 15 years old). Defendant's alternative argument is that the district court was not entitled to consider his prior convictions, because they had been "expunged" pursuant to A.R.S. Sec. 13-1744. That statute provided:
 
 
 9
 [E]very person convicted of a criminal offense may, upon fulfillment of the conditions of probation or sentence and discharge by the court, apply ... to have the judgment of guilt set aside.... If the judge ... grants the application, the judge ... shall set aside the judgment of guilt, dismiss the accusations or information and order that the person be released from all penalties and disabilities resulting from the conviction ..., except that the conviction may be pleaded and proved in any subsequent prosecution of such person by the state or any of its subdivisions for any offense ... as if the judgment of guilt had not been set aside.[1]
 
 
 10
 In interpreting this statute, this court and Arizona courts have held that, as the language suggests, expunged convictions may still be used in later criminal proceedings, unless the expungement was related to innocence or constitutional defect. See United States v. Herrell, 588 F.2d 711 (9th Cir.1978), cert. denied, 440 U.S. 964 (1979) (expunged conviction can provide the underlying offense for a later felon in possession of a firearm conviction); State v. Fierson, 705 P.2d 1338 (Ariz.App.1985) (expunged conviction may be introduced and proven under the rules of evidence in a later criminal trial). Defendant argues, however, that his set aside convictions may not be considered under this court's two recent decisions in United States v. Hidalgo, 932 F.2d 805 (9th Cir.1991), and United States v. Guthrie, 931 F.2d 564 (9th Cir.1991). These cases are inapplicable to defendant's situation.
 
 
 11
 In Guthrie, the defendant's prior conviction had been reversed and expunged because of a Sixth Amendment violation. It therefore fell within the exception for actual innocence or constitutional violations identified in Fierson. The California statute at issue in Hidalgo did not provide, as the Arizona statute at issue here does, that convictions set aside pursuant to its terms may be used in later criminal proceedings.
 
 
 12
 C. Base Offense Level.
 
 
 13
 Defendant argues that the district court incorrectly calculated his base offense level to be 26. First, defendant argues that the district court improperly included uncharged conduct when determining the total amount of marijuana for which he should be held accountable. However, under the Guidelines, uncharged conduct is properly included when determining a defendant's offense level, so long as it is part of the same criminal plan or scheme. U.S.S.G. Sec. 1B1.3; United States v. Scarano, 975 F.2d 580, 587 (9th Cir.1992). Because the prior drug transactions can properly be viewed as part of the same conspiracy involved in the charged transaction, that conduct was properly considered.
 
 
 14
 Defendant also claims that his due process rights have been violated because the district court computed his offense level on the basis of inherently unreliable information. The minor discrepancies in Wronko's co-defendants' testimony do not preclude a finding that defendant had engaged in prior drug transactions involving more than 100 kilograms of marijuana.
 
 
 15
 Finally, Wronko argues that there is no justification for assigning him a base offense level of 26 because his co-defendant Fonseca-Caro received a base offense level of only 24. However, it appears that any error occurred in assigning Fonseca-Caro's offense level rather than Wronko's. There was no unfairness to Wronko, as the district court enhanced Fonseca-Caro's offense level, departed downward when sentencing Wronko, and ultimately gave Wronko a significantly lower sentence than it gave Fonseca-Caro.
 
 
 16
 D. 18 U.S.C. Sec. 924(c)(1) Departure.
 
 
 17
 Wronko next argues that 18 U.S.C. Sec. 924(c)(1), which provides for a five-year mandatory minimum sentence for the unlawful use and carrying of a firearm in connection with a drug offense, "mandates" a downward departure, because otherwise gross disparities will exist between the sentences of allegedly similarly situated defendants. Congress, however, has mandated the five-year minimum sentence for the crime of which Wronko was convicted.
 
 
 18
 E. Minor Participant.
 
 
 19
 Defendant also argues that he was entitled to a two-point reduction for being a minor participant in the conspiracy, because he was only a "money man." He relies on United States v. Hill, 953 F.2d 452 (9th Cir.1991). Hill is inapplicable to this case, where there was evidence that the defendant not only provided the money for each transaction, but was the ultimate purchaser and took responsibility for distributing the marijuana to customers "back East."
 
 
 20
 F. Departure.
 
 
 21
 Finally, defendant argues that he was entitled to a further downward departure for several reasons. This court may not consider these arguments. See United States v. Vizcara-Angulo, 904 F.2d 22 (9th Cir.1990).
 
 Fonseca-Caro
 
 22
 We remanded Fonseca-Caro's original 180-month sentence for resentencing so that the district court could more adequately explain its reasons for the upward departure. On resentencing, the district court declined to depart upwardly from the Guidelines, and sentenced Fonseca-Caro to 108 months imprisonment.
 
 
 23
 In this appeal, Fonseca-Caro first argues that on remand, the district court ignored the prior decision of this court and imposed a two-level adjustment for the defendant's role in the offense with no explanation. We disagree. The court clearly stated that it was imposing a two-level upward adjustment for Fonseca-Caro's role in the offense based on the testimony of Frazier and Koons-Barbosa, who identified Fonseca-Caro as an organizer, and indicated that he usually called the shots regarding the location and particulars of their drug purchases. See U.S.S.G. Sec. 1B1.3; see also United States v. Scarano, 975 F.2d at 587.
 
 
 24
 Finally, Fonseca-Caro argues that the court erred in failing to state its reasons for sentencing him at the high end of the applicable range. However, such a statement of reasons is not required by the government if the applicable range is less than 24 months. United States v. Martinez-Gonzalez, 962 F.2d 874, 879 (9th Cir.1992).
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The current version of A.R.S. Sec. 13-1744 appears at A.R.S. Sec. 13-907, and specifies that "a [set aside] conviction may be used as a conviction if such conviction would be admissible had it not been set aside and may be pleaded and proved in any subsequent prosecution of such person...."