125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Janet Rose MCDERMOTT, Defendant-Appellant.
 No. 96-10471.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1997
Filed Oct. 1, 1997.
 
 Appeal from the District Court for the District of Arizona, CR-95-267-PGR; Paul G. Rosenblatt, District Judge, Presiding.
 Before: SNEED, Senior Circuit Judge, KLEINFELD, Circuit Judge, and WALLACH, Judge.**
 
 
 1
 MEMORANDUM*
 
 
 2
 Janet Rose McDermott appeals her sentence, imposed pursuant to the United States Sentencing Guidelines ("USSG"). She pleaded guilty to possession of identification documents with the intent to transfer them unlawfully, 18 U.S.C. § 1028(a)(3). For the following reasons, we affirm.
 
 
 3
 McDermott's first argument is that the district court erred in sentencing her for a crime involving six or more sets of false identification papers instead of only the five sets of papers she actually transferred. We review the district court's application of the guidelines de novo, and its findings of fact underlying the sentencing decision for clear error. United States v. France, 57 F.3d 856, 866 (9th Cir.1995).
 
 
 4
 Pursuant to USSG § 2L2.1(b)(2), an infraction involving between six and twenty-four sets of documents is assigned two levels more than an infraction involving five sets of documents. McDermott argues that only five sets of documents could have been involved in her offense because she intended to sell only five and her agreement with the undercover officer who bought them was to sell only five. This argument ignores the guidelines' requirement that the sentencing court consider "all acts or omissions committed ... by the defendant ... that occurred during the commission of the offense of conviction [or] in preparation for that offense." USSG § 1B1.3. Thus, the district court could not limit its consideration to the sale itself but had to examine the larger course of conduct in which McDermott engaged.
 
 
 5
 The record shows that McDermott possessed eleven sets of identification papers and that she brought all eleven to the meeting at which the sale took place. She had told the undercover agent that she had obtained ten birth certificates and he could select those he wished to buy for $1,000 each. At the meeting, McDermott displayed all eleven documents to the agent and, indeed, he selected five and bought them.
 
 
 6
 The foregoing facts amply support the conclusion that more than six documents were involved in McDermott's offense. She offered eleven for sale and physically presented them to the purchaser. She told him that he could choose to buy any of the eleven. Thus, in any sense of the word, all of these documents were "involved" in the commission of McDermott's offense.
 
 
 7
 These circumstances are not analogous to cases where the court failed to differentiate between drugs that the possessor intended to distribute and those that he intended to use. E.g. United States v. Kipp, 10 F.3d 1463 (9th Cir.1993), United States v. Rodriguez-Sanchez, 23 F.3d 1488 (9th Cir.1994). The touchstone here is not whether McDermott intended to sell the additional six documents. Rather it is whether she involved them in the sale of five. By telling the agent that she had ten documents, displaying eleven of them, and allowing him to choose any that he wanted, she involved all eleven in the commission of her offense.
 
 
 8
 Similarly, this is not a case in which the burden was improperly shifted onto McDermott to disprove an intended illegal use of documents. See, United States v. Rohn, 964 F.2d 310 (4th Cir.1992). Rather, the record supports the positive proposition that McDermott involved eleven documents in her offense.
 
 
 9
 For these reasons, we hold that the factual underpinnings of McDermott's sentence pertaining to the number of documents involved in her offense are sufficient and do not constitute an abuse of discretion, and that the district court's application of the guidelines to the facts was not in error.
 
 
 10
 McDermott also challenges the district court's consideration of her two prior Arizona state convictions in sentencing her, arguing that the convictions had been expunged for purposes of the guidelines. The commentary to the guidelines states expressly that a sentencing court must count convictions that are set aside for reasons unrelated to innocence or legal error, e.g., to restore a convict's civil rights or remove the stigma associated with a conviction. USSG § 4A1.2, Commentary, Application Note 10. Therefore, the district court did not err in counting McDermott's prior convictions.
 
 
 11
 Arizona law authorizes state courts to set aside a conviction after the convict has fulfilled the conditions of probation or sentence and been discharged by the court. Ariz.Rev.Stat. § 13-907 (1996). That same statute provides that "the conviction may be used as a conviction if such conviction would be admissible had it not been set aside and may be pleaded and proved in any subsequent prosecution of such person ... as if the judgment of guilt had not been set aside." Id. Convictions set aside under this procedure do not qualify as "expunged convictions" under the guidelines. USSG § 4A1.2(j) and Application Note 10; see, United States v. Herrell, 588 F.2d 711, 713 (9th Cir.1978); Blankinship v. Duarte, 137 Ariz. 217, 220, 669 P.2d 994, 997 (Ct.App.1983).
 
 
 12
 It is apparent from the record that McDermott's prior convictions were set aside under the statutory procedure set forth above. She had satisfied the terms of her sentences and paid her fines, and the state courts made no findings of guilt or innocence. Therefore, McDermott's prior convictions were not "expunged" as defined by the guidelines, and the district court did not err in counting them. Expunction under other circumstances or other statutory regimes, such as a youthful offender statute, is simply not analogous to the instant case.
 
 
 13
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 **
 The Honorable Evan J. Wallach, Judge of the United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3