[Crim No. 1874. Fourth Dist. June 25, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. THOMAS ROESSLER, Defendant and Appellant.

Lightner, Hilmen & Wiles and John W. Lightner for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—Defendant appeals from a conviction of violating Penal Code section 281 (bigamy) after a jury trial.

On July 21, 1959, defendant married Precious Perritt. The parties separated in March 1960, and shortly thereafter they discussed the possibility of a Nevada divorce, which Precious agreed to obtain at some indefinite future date. Instead, Precious obtained an interlocutory decree of divorce in California April 25, 1960; knowledge of the divorce was given to defendant the forepart of May 1960; a copy of the decree was served on the defendant; the interlocutory decree provided that the parties would remain married until a final decree of divorce was entered not less than a year later. On May 22, 1960, defendant married Marsalene Graus. Precious received her final decree of divorce May 1, 1961. Thus defendant was married to two different women from May 22, 1960, to May 1, 1961.

Defendant contends the court erred in instructing the jury respecting the elements of bigamy. The court stated the prosecution must prove, among other things, "That at the time of contracting the second marriage, the defendant did not *reasonably believe* himself to be free from the legal ties of the first marriage." (Italics ours.)

Defendant asserts the instruction should have referred to a *bona fide* and *reasonable* belief, not simply a reasonable belief.

Defendant further contends that the following comment by the trial judge on the evidence erroneously omitted the term "bona fide," in reference to the defendant's belief:

"The gist of the defendant's defense in this action is, therefore, that he *reasonably* believed himself free from the ties of the first marriage at the time he entered into the second. If you find that he was, that he did have such *reasonable* belief, or if he entertained a *reasonable* doubt as to whether he did or did not, it is your duty to vote 'Not Guilty.' If you feel that he did not so *reasonably* believe, then you will render your verdict in accordance with what your finding may be." (Italics ours.)

Defendant's position is without merit for the reason that any error of omission by the court in either the instruction or the comment was to the advantage of defendant. (*Estate of*

*Cummins,* 130 Cal.App.2d 821, 832 [280 P.2d 128]; *People* v. *King,* 114 Cal.App.2d 95, 106-107 [249 P.2d 563].)

In addition to the above matter, defendant argues for a new trial on the ground that new evidence was discovered which could not, with reasonable diligence, have been produced at the trial. This evidence, which defendant contends is new, was an annulment complaint which defendant filed against Precious on May 3, 1960, and dismissed shortly thereafter when defendant's attorney discovered and informed defendant that Precious had obtained an interlocutory decree of divorce. In his declaration in support of the motion for a new trial, defendant urged that dismissal of the annulment complaint evidenced his belief that he was free to remarry. He further declared that Precious telephoned him after the first day of trial and asked that he say nothing about the annulment complaint because it alleged certain acts which would cause her much embarrassment and job jeopardy if publicized.

There is nothing here which is new and could not have been produced at the trial. Defendant cannot complain because he chose not to present testimony of which he was aware at the time of trial, and when the verdict was against him he seeks to label such evidence newly discovered as a basis for obtaining a new trial.

When the court denied the motion for new trial, defendant filed a petition for a writ of *coram nobis* supported by a declaration stating that the above mentioned telephone call from Precious subjected him to duress which prevented him from presenting evidence about the annulment which would have assisted his defense. This matter was fully considered in the motion for new trial; it cannot be reasserted in the form of a petition for a writ of *coram nobis,* which remedy has very narrow application. It is said in *People* v. *Hayman,* 145 Cal.App.2d 620, 623 [302 P.2d 810]:

"The office of that writ is to bring the attention of the court to such facts as existed at the time of the trial that would have constituted a valid defense, but which, without negligence on the part of the defendant, were not presented, either through duress, fraud or excusable mistake and which, not appearing on the face of the record, would have effected an acquittal of the petitioner or, at least, have caused a more favorable judgment to be entered against him. [Citations.]

"It is not a writ whereby convicts may attack or relitigate just any judgment on a criminal charge merely because the

unfortunate person may become displeased with his confinement or with any other result of the judgment under attack. [Citations.]

"It is not properly used to correct errors of law or to redress irregularities at the trial that could have been corrected on motion for new trial or by appeal. [Citation.] On the contrary, it is a process whose scope is extremely narrow and must be confined to an inquiry into those facts which might have been properly defensive matter at the trial but for the interposition of some agency other than the negligence of the petitioner. [Citation.]"

Judgment and order denying a petition for writ of *coram nobis* affirmed; attempted appeal from the denial of the motion for new trial dismissed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 22, 1963.