**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Reginald Lorenza MATHEWS,
Defendant-Appellant.**

**No. 74–2904.**

United States Court of Appeals,
Ninth Circuit.

July 28, 1975.

Danilo J. Becerra, Deputy Federal Defender, Los Angeles, Cal., for defendant-appellant.

* The Honorable Fred M. Taylor, Senior United States District Judge for the District of Idaho, sitting by designation.

1. We note that other circuits have followed the reasoning of *Crow* on the specific intent issue. *See United States v. Horton*, 503 F.2d 810, 813

Brendan D. Lynch, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

OPINION

Before KOELSCH and DUNIWAY, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

Reginald Lorenza Mathews appeals from a judgment of conviction of two counts of violating 18 U.S.C. App. § 1202(a) [possession of a firearm, in or affecting commerce, by a convicted felon]. We affirm.

His sole contention, that the district court's charge to the jury erroneously permitted his conviction without proof that he knew he was a convicted felon at the time of the offense, is without merit. Mathews' argument is essentially that his ignorance of the law, *i. e.*, of the statutory classification rendering his prior conviction a felony within the meaning of § 1202(a), precludes his conviction here. But the short answer is provided by the time-honored maxim: *ignorantia legis neminem excusat*. Such was the rationale in *United States v. Crow*, 439 F.2d 1193 (9th Cir. 1971), *vacated on other grounds*, 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972). There we held that § 1202(a) does not require proof of knowledge or intent, "except as the word 'possession' imports a knowing possession." 439 F.2d at 1195. We seize this opportunity to reaffirm that conclusion.[1]

We have reviewed the district court's instructions as to the § 1202(a) counts and conclude they were wholly proper—both consistent with the reasoning underlying *Crow* and in accordance with the plain language of the statute.

Affirmed.

(7th Cir. 1974); *United States v. Mostad*, 485 F.2d 199, 200 (8th Cir. 1973); *United States v. Thomas*, 484 F.2d 909, 914–915 (6th Cir. 1973); *United States v. Lupino*, 480 F.2d 720, 724 (8th Cir. 1973); *United States v. Wiley*, 478 F.2d 415, 417–418 (8th Cir. 1973); *United States v. Smith*, 477 F.2d 399, 401 (8th Cir. 1973).