[Crim. No. 22293. Oct. 18, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
NEVA B. SNYDER, Defendant and Appellant.

**COUNSEL**

Harry D. Roth, under appointment by the Supreme Court, for Defendant and Appellant.

Quin Denvir, State Public Defender, and Harvey R. Zall, Deputy State Public Defender, as Amici Curiae on behalf of Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall, Gary A. Binkerd and Christine M. Diemer, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RICHARDSON, J.**—Defendant Neva Snyder appeals from a judgment convicting her of possession of a concealable firearm by a convicted felon (Pen. Code, § 12021), based upon her 1973 conviction for sale of marijuana, a felony (former Health & Saf. Code, § 11531). Defendant contends that the trial court erred in excluding evidence of her mistaken belief that her prior conviction was only a misdemeanor. We will conclude that defendant's asserted mistake regarding her legal status as a convicted

felon did not constitute a defense to the firearm possession charge. Accordingly, we will affirm the judgment.

At trial, defendant offered to prove the following facts supporting her theory of mistake: The marijuana possession charge resulted from a plea bargain not involving a jail or prison sentence. At the time the bargain was struck, defendant's attorney advised her that she was pleading guilty to a misdemeanor. Believing that she was not a felon, defendant thereafter had registered to vote, and had voted. On one prior occasion, police officers found a gun in her home but, after determining that it was registered to her husband, the officers filed no charges against defendant.

The trial court refused to admit any evidence of defendant's mistaken belief that her prior conviction was a misdemeanor and that she was not a felon. The court also rejected proposed instructions requiring proof of defendant's prior knowledge of her felony conviction as an element of the offense charged.

Penal Code section 12021, subdivision (a), provides: "Any person who has been convicted of a felony under the laws of the . . . State of California . . . who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, . . ."

■ The elements of the offense proscribed by section 12021 are conviction of a felony and ownership, possession, custody or control of a firearm capable of being concealed on the person. (*People* v. *Bray* (1975) 52 Cal.App.3d 494, 497 [124 Cal.Rptr. 913]; *People* v. *Neese* (1969) 272 Cal.App.2d 235, 245 [77 Cal.Rptr. 314]; *People* v. *Nieto* (1966) 247 Cal.App.2d 364, 368 [55 Cal.Rptr. 546].) No specific criminal intent is required, and a general intent to commit the proscribed act is sufficient to sustain a conviction. (*People* v. *Neese, supra,* at p. 245; *People* v. *McCullough* (1963) 222 Cal.App.2d 712, 718 [35 Cal.Rptr. 591].) With respect to the elements of possession or custody, it has been held that knowledge is an element of the offense. (*People* v. *Burch* (1961) 196 Cal.App. 2d 754, 770-771 [17 Cal.Rptr. 102]; *People* v. *Gonzales* (1925) 72 Cal.App. 626, 630-631 [237 P. 812].)

■ Does section 12021 also require knowledge of one's legal status as a convicted felon? No case has so held. Penal Code section 26 provides that a person is incapable of committing a crime if he acted under a "mistake of fact" which disproves criminal intent. In this regard, the cases have distinguished between mistakes of fact and mistakes of law. As we stated in an early case: "It is an emphatic postulate of both civil and penal law that

ignorance of a law is no excuse for a violation thereof. Of course it is based on a fiction, because no man can know all the law, but it is a maxim which the law itself does not permit any one to gainsay . . . . The rule rests on public necessity; the welfare of society and the safety of the state depend upon its enforcement. If a person accused of a crime could shield himself behind the defense that he was ignorant of the law which he violated, immunity from punishment would in most cases result." (*People* v. *O'Brien* (1892) 96 Cal. 171, 176 [31 P. 45]; see *Brown* v. *State Department of Health* (1978) 86 Cal.App.3d 548, 554-555 [150 Cal.Rptr. 344], and cases cited.) Accordingly, lack of actual knowledge of the provisions of Penal Code section 12021 is irrelevant; the crucial question is whether the defendant was aware that he was engaging in the conduct proscribed by that section. (*People* v. *Norton* (1978) 80 Cal.App.3d Supp. 14, 21 [146 Cal.Rptr. 343]; *People* v. *Howard* (1976) 63 Cal.App.3d 249, 256 [133 Cal.Rptr. 689]; *People* v. *Mendoza* (1967) 251 Cal.App.2d 835, 843 [60 Cal.Rptr. 5].)

In the present case, defendant was presumed to know that it is unlawful for a convicted felon to possess a concealable firearm. (Pen. Code, § 12021.) She was also charged with knowledge that the offense of which she was convicted (former Health & Saf. Code, § 11531) was, *as a matter of law,* a felony. That section had prescribed a state prison term of from five years to life, and the express statutory definition of a "felony" is "a crime which is punishable with death or by imprisonment in the state prison." (Pen. Code, § 17, subd. (a).)

Thus, regardless of what she reasonably believed, or what her attorney may have told her, defendant was deemed to know *under the law* that she was a convicted felon forbidden to possess concealable firearms. Her asserted mistake regarding her correct legal status was a mistake of law, not fact. It does not constitute a defense to section 12021.

None of the California cases relied on by defendant is apposite here. *People* v. *Hernandez* (1964) 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092], and *People* v. *Mayberry* (1975) 15 Cal.3d 143 [125 Cal.Rptr. 745, 542 P.2d 1337], each involved mistakes of fact, not law. In *Hernandez,* the mistake concerned the age of the alleged victim of a statutory rape. In *Mayberry,* defendant erred in assuming that the adult victim of forcible rape consented to his acts. *People* v. *Vogel* (1956) 46 Cal.2d 798 [299 P.2d 850], involved the good faith belief of a defendant charged with bigamy that he is free to remarry. We were careful to explain that defendant's mistake was a factual one: "We have concluded that defendant is not guilty of bigamy, if he had a bona fide and reasonable belief that *facts* existed that left him free to remarry." (*Id.,* at p. 801; italics

added.) Moreover, *Vogel* characterized bigamy as a crime which "has been regarded for centuries as . . . involving moral turpitude, . . ." Obviously a bona fide belief that one is free to remarry nullifies the moral opprobrium attached to the charge. On the other hand, being an ex-felon in possession of a concealable firearm, while illegal, hardly stamps the person charged as a moral leper. His belief that he is not a felon thus does not affect the criminality of his conduct.

Our conclusion is confirmed by federal cases interpreting a similar federal statute forbidding possession of a firearm by one convicted of a felony. (18 U.S.C.A. Appen. § 1202(a).) The only element of the federal offense which is not found in 'section 12021 of the Penal Code is an effect upon "commerce." (See *United States* v. *Bass* (1971) 404 U.S. 336, 347-349 [30 L.Ed.2d 488, 496-497, 92 S.Ct. 515].) The federal statute has been uniformly interpreted as requiring only that the defendant was in fact a convicted felon, and not that he actually knew he was a felon. (*United States* v. *Locke* (9th Cir. 1976) 542 F.2d 800, 801; *United States* v. *Mathews* (9th Cir. 1975) 518 F.2d 1296; *United States* v. *Crow* (9th Cir. 1971) 439 F.2d 1193, 1196.) As stated in *Locke,* "Because the crimes here charged do not require a specific intent [citation], the fact that appellant may have been advised by a public defender that he was not a convicted felon, has no relevance." (P. 801.)

Defendant relies primarily upon *People* v. *Bray, supra,* 52 Cal.App.3d at p. 494, but that case is distinguishable. There defendant pleaded guilty in Kansas to being an accessory before the fact and was placed on two years' summary probation, which he successfully completed. When he subsequently sought to register to vote, he filled out an explanatory form referring to a Kansas offense, and indicating that he was uncertain whether he had been convicted of a felony. He was permitted to vote. Seeking employment as a security guard, he stated that he had not been convicted of a felony but described the circumstances of his arrest and probation. The Bureau of Collection and Investigative Services registered him as a guard. On several other job applications he indicated his uncertainty as to his status while fully setting forth the circumstances of his arrest and probation.

In *Bray,* the court concluded that under these unusual circumstances the trial court erred in refusing to instruct on mistake or ignorance of fact and knowledge of the facts which make the act unlawful. (52 Cal.App.3d, at p. 499.) The court cautioned, however, that its decision "should not be interpreted to mean instructions on mistake or ignorance of fact and knowledge of the facts are required every time a defendant claims he did not know he was a felon . . . . It is only in very unusual circumstances such as these that the giving of these instructions is necessary." (*Ibid.*)

In the present case, unlike *Bray,* defendant made no attempt to inform government officials of the circumstances of her conviction or to seek their advice regarding her correct legal status. (Some authorities have suggested that reliance upon the erroneous advice of governmental authorities might constitute an exception to the general rule that a mistake of law is no defense. See Perkins on Criminal Law (2d ed. 1969) p. 938; A.L.I. Model Pen. Code (Proposed Official Draft 1962) § 2.04(3)(b).)

We conclude that the trial court properly excluded evidence of defendant's asserted mistake regarding her status as a convicted felon.

The judgment is affirmed.

Bird, C. J., Mosk, J. and Kaus, J. concurred.

**BROUSSARD, J.**—I dissent.

The two elements of a violation of Penal Code section 12021 are felony status and possession of a concealable firearm. While no specific criminal intent is required, a general criminal intent should be required as to both elements in accordance with long-settled rules of statutory interpretation, and an honest and reasonable mistake as to either element of the offense, however induced, should negate the requisite general criminal intent. Defendant's testimony if believed would have established an honest and reasonable mistaken belief that her prior offense was not a felony but a misdemeanor, and it was prejudicial error to refuse to admit the evidence and to refuse instructions on the mistake doctrine.

The majority have adopted a special strict liability rule as to section 12021, holding that a felon is charged with knowledge of his status and that an honest and reasonable mistaken belief as to the nature of the conviction is not a defense unless apparently it is induced or corroborated in whole or in part by governmental conduct. The traditional and longstanding defense of mistake negating criminal intent should not be limited to situations where the mistake is induced or corroborated by government officials. Irrebutable presumptions of knowledge are not favored in the criminal law, and because the source of an honest and reasonable mistake does not affect the question of the existence of criminal intent, we should not accept the government source limitation.

During a lawful search of defendant and her husband's home in 1979, officers found one loaded handgun and two other handguns which were partially disassembled. In 1973 she had been convicted upon a guilty plea of sale of marijuana, a felony. (Former Health & Saf. Code, § 11531.)

Defendant sought to testify that she believed that her marijuana possession conviction had been for a misdemeanor rather than a felony. She offered to testify that she had not been sentenced to jail or prison but was on probation for two years, that her attorney told her at the time of the plea bargain that she was pleading guilty to a misdemeanor, and that believing she was not a felon she had since registered to vote and voted. She also offered to testify that on a prior occasion, officers found a pistol in her home but that after determining the gun was registered to her husband, no charges were filed for possession of the gun. Other charges were filed but dismissed. Her husband had also been convicted in 1973 of the same marijuana charge.

The trial court refused to admit the evidence of defendant's mistaken belief that the prior conviction was a misdemeanor and that she was not a felon. The court also rejected offered instructions to require knowledge of a prior felony conviction as an element of the offense, and to define "knowingly," to explain the effect of ignorance or mistake of fact disproving criminal intent. (CALJIC Nos. 1.21, 4.35, 3.31.5 [paraphrased].)[1] The instructions, if given, would have required the jury to find that defendant knew she was a felon as an element of the crime.

Penal Code section 12021, subdivision (a) provides: "Any person who has been convicted of a felony under the laws of the . . . State of California . . . who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, . . ."

We recently recognized our duty to reconcile the provisions of section 12021 with other Penal Code provisions in *People* v. *King* (1978) 22

---

[1] CALJIC No. 1.21: "'KNOWINGLY — DEFINED

"The word 'knowingly', as used in my instructions, imports only a knowledge of the existence of the facts in question, when those facts are such as bring the act or omission within the provision of the law. The word does not require in its meaning any knowledge of the unlawfulness of such act or omission."

CALJIC No. 4.35: "IGNORANCE OR MISTAKE OF FACT

"An act committed or an omission made under an ignorance or mistake of fact which disproves any criminal intent is not a crime. [¶] Thus a person is not guilty of a crime if he commits an act or omits to act under an honest and reasonable belief in the existence of certain facts and circumstances which, if true, would make such act or omission unlawful."

CALJIC No. 3.31.5, as paraphrased: "In violation of the crime charged in Section 12021 of the Penal Code the information namely, the possession of a concealed weapon by an ex-felon, there must exist a union or joint operation of act or conduct and a certain mental state in the mind of the perpetrator and unless such mental state exists the crime to which it relates is not committed. [¶] In the crime of 12021 of the Penal Code, the necessary mental state is knowledge on the part of the Defendant that he has been previously convicted of a felony offense."

Cal.3d 12, 23 [148 Cal.Rptr. 409, 582 P.2d 1000]. In that case, a felon during a melee involving violence by intruders took a pistol and fired it. We held that it was error to refuse to instruct the jury on self-defense and defense of others. (22 Cal.3d at p. 26.) We reasoned that the section 12021 prohibition of possession by a felon of a concealable firearm must be reconciled with the statutory provisions of the Penal and Civil Codes permitting any person the right to use force in defense of self or others. (22 Cal.3d at p. 23.)

In the instant case we are similarly called upon to reconcile section 12021 with Penal Code sections 26 and 20.

Penal Code section 26 provides generally that a person is incapable of committing a crime when the act was committed under a mistake of fact disproving any criminal intent. Section 20 of that code provides: "In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence.

"The word 'intent' in section 20 means 'wrongful intent.' (See *People v. Vogel* (1956) 46 Cal.2d 798, 801, fn. 2 [299 P.2d 850].) 'So basic is this requirement [of a union of act and wrongful intent] that it is an invariable element of every crime unless excluded expressly or by necessary implication.' (*Id.,* at p. 801.)" (*People v. Mayberry* (1975) 15 Cal.3d 143, 154 [125 Cal.Rptr. 745, 542 P.2d 1337].)

At common law an honest and reasonable belief in circumstances which, if true, would make the defendant's conduct innocent was held to be a good defense. (*People v. Hernandez* (1964) 61 Cal.2d 529, 535 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092].) The concept of mens rea, the guilty mind, expresses the principle that it is not conduct alone but conduct accompanied by certain mental states which concerns, or should concern the law. While in some cases, culpability had been completely eliminated as a necessary element of criminal conduct, the court has moved away from imposition of criminal liability in the absence of culpability where the governing statute, by implication or otherwise, expresses no legislative intent or policy to be served by strict liability. (*Id.,* at pp. 532-533.)

The elements of the offense proscribed by section 12021 are conviction of a felony and ownership, possession, custody or control of a firearm capable of being concealed on the person. (*People v. Bray* (1975) 52 Cal.App.3d 494, 497 [124 Cal.Rptr. 913]; *People v. Neese* (1969) 272 Cal.App.2d 235, 245 [77 Cal.Rptr. 314]; *People v. Nieto* (1966) 247 Cal.App.2d 364, 368 [55 Cal.Rptr. 546].) While no specific criminal intent is required, a general intent to commit the proscribed act is

necessary. (*People* v. *Neese, supra,* 272 Cal.App.2d 235, 245; *People* v. *McCullough* (1963) 222 Cal.App.2d 712, 718 [35 Cal.Rptr. 591].) As to the element of possession or custody, it has been held that knowledge is an element of the offense. (*People* v. *Burch* (1961) 196 Cal.App.2d 754, 770-771 [17 Cal.Rptr. 102]; *People* v. *Gonzales* (1925) 72 Cal.App. 626, 630-631 [237 P. 812].)

There does not appear to be any provision in section 12021 by implication or otherwise indicating legislative intent or policy to be served by refusing to apply the general criminal intent requirement to both of the elements of the offense. The Attorney General argues that, because knowledge of possession or custody of the gun are essential to conviction, strict liability would not result from holding that knowledge of a felony conviction is irrelevant. While under such construction the offense would not involve strict liability as to those who were unaware that they possessed a handgun, it would impose strict liability upon those who were unaware of their felony convictions and could legally possess handguns in the absence of conviction. The language of section 12021 sets forth both elements of the offense in parallel construction, and there is no basis in the language or grammatical construction of the statute warranting a distinction between the two elements with respect to the mens rea requirement. In the absence of any provision reflecting legislative intent or policy to establish strict liability, the mens rea requirement is applicable to the felony conviction element of the offense as well as the possession and custody element. (*People* v. *Bray, supra,* 52 Cal.App.3d 494, 498-499; cf. *People* v. *Mendoza* (1967) 251 Cal.App.2d 835, 843 [60 Cal.Rptr. 5].)

To hold otherwise is contrary to the settled California rule that a mens rea requirement is an "invariable" element of every crime unless excluded expressly or by necessary implication. *People* v. *Mayberry, supra,* 15 Cal.3d 143, 154; *People* v. *Vogel, supra,* 46 Cal.2d 798, 801.) Having established the rule, we must assume the Legislature is aware of it and acting in accordance with it, and the absence of any provision to establish strict liability must be read as reflecting legislative intent to require wrongful intent.

The majority rely upon federal cases interpreting a federal statute forbidding possession of a firearm by one convicted of a felony or certain misdemeanors. (18 U.S.C. Appen. § 1202(a)(1); *United States* v. *Locke* (9th Cir. 1976) 542 F.2d 800, 801; *United States* v. *Mathews* (9th Cir. 1975) 518 F.2d 1296; *United States* v. *Crow* (9th Cir. 1971) 439 F.2d 1193, 1196.) In particular they rely upon the following statement from *Locke:* "Because the crimes here charged do not require specific intent, *United States* v. *Quiroz,* 449 F.2d 583, 585 (CA9 1971), the fact that

appellant may have been advised by a public defender that he was not a convicted felon, has no relevance." (542 F.2d at p. 801.) (Maj. opn., *ante,* p. 595.)

None of the federal cases cite or discuss statutes comparable to Penal Code sections 20 and 26. Concluding that there is no scienter or mens rea requirement, the courts reason that the crime is a statutory offense rather than a common law offense and that as to statutory offenses there ordinarily is no scienter requirement in the absence of express provision therefor. (*United States* v. *Crow, supra,* 439 F.2d 1193; *United States* v. *Quiroz, supra,* 449 F.2d 583, 585.) Penal Code sections 20 and 26 are part of our statutory law, and there is no basis for a conclusion that they apply only to common law offenses and not to statutory offenses. Because of those statutes, we have adopted a rule of construction directly contrary to the federal rule, i.e., wrongful intent "is an invariable element of every crime unless excluded expressly or by necessary implication." (*People* v. *Vogel, supra,* 46 Cal.2d 798, 801.) Just as the federal courts adhere to their rules as to the effect of congressional silence, we should adhere to the legislative direction in sections 20 and 26 and our rules as to legislative silence. Having established the ground rules for statutory interpretation, we may not abrogate them on the basis of federal cases applying contrary ground rules.

In determining whether a defendant's mistaken belief disproves criminal intent pursuant to Penal Code section 26, the courts have drawn a distinction between mistakes of fact and mistakes of law. Criminal intent is the intent to do the prohibited act, not the intent to violate the law. (1 Witkin, Cal. Crimes (1963) § 148, p. 141.) "It is an emphatic postulate of both civil and penal law that ignorance of a law is no excuse for a violation thereof. Of course it is based on a fiction, because no man can know all the law, but it is a maxim which the law itself does not permit any one to gainsay . . . . The rule rests on public necessity; the welfare of society and the safety of the state depend upon its enforcement. If a person accused of a crime could shield himself behind the defense that he was ignorant of the law which he violated, immunity from punishment would in most cases result." (*People* v. *O'Brien* (1892) 96 Cal. 171, 176 [31 P. 45].) Accordingly, lack of knowledge of the provisions of Penal Code section 12021 is irrelevant; the crucial question is whether the defendant was aware that he was engaging in the conduct proscribed by that section. (*People* v. *Howard* (1976) 63 Cal.App.3d 249, 256 [133 Cal.Rptr. 689]; *People* v. *Mendoza, supra,* 251 Cal.App.2d 835, 843.)

While mistake as to whether the conduct is violative of a statute is not a defense, a mistaken impression as to the legal effect of a collateral matter

may mean that a defendant does not understand the significance of his conduct and may negate criminal intent. When the victim's status is an element of the crime, a mistaken belief as to the status has been held a defense in several decisions by this court. In *People* v. *Hernandez, supra,* 61 Cal.2d 529, 532 et seq., it was held that a reasonable and honest belief that the prosecutrix was 18 years or more of age would be a defense to a charge of statutory rape, negating the requisite mental intent. Similarly, in *People* v. *Atchison* (1978) 22 Cal.3d 181, 183 [148 Cal.Rptr. 881, 583 P.2d 735], it was held that a reasonable and honest belief that the victim was 19 years of age was a defense to charges of annoying or molesting a child under age 18 and of contributing to the delinquency of a minor. And in *People* v. *Mayberry, supra,* 15 Cal.3d 143, 153-158, it was held that a mistaken belief that the prosecutrix had consented would be a defense to a charge of forcible rape and kidnaping.

This court has also held that criminal intent may be negated by defendant's reasonable and bona fide but erroneous belief as to his status. In *People* v. *Vogel, supra,* 46 Cal.2d 798, 801 et seq., the defendant was prosecuted for bigamy, and it was held that the defendant's bona fide and reasonable belief that his first wife had divorced him and remarried would be a good defense. The court reasoned in part that it would not be reasonable to hold "that a person is guilty of bigamy who remarries in good faith in reliance on a judgment of divorce or annulment that is subsequently found not to be the 'judgment of a competent court' (Pen. Code, § 282), particularly when such a judgment is obtained by the former husband or wife of such person in any one of the numerous jurisdictions in which such judgments can be obtained. Since it is often difficult for laymen to know when a judgment is not that of a competent court, we cannot reasonably expect them always to have such knowledge and make them criminals if their bona fide belief proves to be erroneous." (46 Cal.2d, at p. 804; see *People* v. *Roessler* (1963) 217 Cal.App.2d 603, 604 [31 Cal.Rptr. 684] (defendant remarried after service of the interlocutory decree of divorce but before entry of final decree).) The court also pointed out that at common law an honest and reasonable belief in circumstances which, if true, would make the act for which the person is indicted an innocent act, has always been held to be a good defense. (46 Cal.2d, at p. 805.)

*People* v. *Flumerfelt* (1939) 35 Cal.App.2d 495, 497-498 [96 P.2d 190], also illustrates the distinction between mistake of fact and mistake of law. In that case, the defendant was charged with selling corporate securities without a permit. The defendant claimed that before she sold the securities, her attorney told her that a permit to sell had been obtained, and it was held that her honest but mistaken belief that a permit to sell had been

issued constituted a defense. However, the court distinguished the situation where counsel erroneously advises that the instrument to be sold is not a security, pointing out that a mistake as to the legal consequences of the act which constitutes a violation of the statute would not be a defense. (35 Cal.App.2d at pp. 498-499; see 1 Witkin, Cal. Crimes, *supra,* § 151, p. 145.)

The *O'Brien, Hernandez, Atchison, Mayberry, Vogel* and *Flumerfelt* cases, read together, make clear that a mistake of law is one premised on ignorance of the terms of the statute which the defendant is charged with violating. However, when the defendant reasonably and honestly believes that the statute is not applicable to him or that he has complied with it, there is a mistake of fact. There is a mistake of fact even though the matter as to which the defendant is mistaken is a question of law. The questions of age in *Hernandez* and *Atchison* were matters resolved as a matter of law as was marital status in *Vogel* and the nonissuance of a permit in *Flumerfelt.*

The Court of Appeal has held that a mistaken belief that a conviction was not a felony conviction could negate criminal intent in a prosecution for violation of Penal Code section 12021. (*People* v. *Bray, supra,* 52 Cal.App.3d 494, 497-499.) *Bray* graphically illustrates the injustice which results from holding that a reasonable and good faith belief of lack of felony status is not a defense. Bray pled guilty in Kansas to being an accessory before the fact and was placed on two years summary probation which he successfully completed. When he subsequently sought to register to vote, he filled out an explanatory form referring to the Kansas offense, indicating he was uncertain whether he had been convicted of a felony. He was permitted to vote. Seeking employment as a security guard, he stated he had not been convicted of a felony but set forth the circumstances of his arrest and probation. The Bureau of Collection and Investigative Services registered him as a guard. On several other job applications he indicated his uncertainty as to his status setting forth the circumstances of his arrest and probation. At Bray's trial for violation of section 12021, the prosecutor recognized "'in even our own jurisdiction, let alone a foreign jurisdiction such as the State of Kansas, it's extremely difficult to determine whether a sentence was a felony or a misdemeanor.'" (52 Cal.App.3d, at p. 498.)

In *Bray,* it was concluded that in the circumstances the trial court erred in refusing to instruct on mistake or ignorance of fact and knowledge of the facts which make the act unlawful. (52 Cal.App.3d, at p. 499.)

The Court of Appeal stated that its decision should not be interpreted to mean instructions on mistake or ignorance of fact or knowledge of the facts are required every time a defendant claims he did not know he was a felon.

(*Id.*) Relying on that statement, the majority concludes that *Bray* should be limited to situations where a state agency has misled the defendant. The statement relied upon merely reflects that only in rare cases will there be a basis for a *reasonable* belief that a felony conviction was a misdemeanor conviction. The reasoning in *Bray* applies to any case where there is a reasonable and good faith mistake and is in accord with the common law and our statutory rule. The *source* of the reasonable and good faith mistake does not affect the existence of criminal intent.[2]

Had the trial court in the instant case admitted the offered evidence and given the requested instruction, the jury could properly have concluded that defendant had a reasonable and good faith belief that her conviction was not a felony conviction. She was granted probation without jail or prison sentence. Her attorney had advised her that the offense was a misdemeanor,[3] and there were additional circumstances reflecting a good faith belief.

The errors in excluding the offered evidence and refusing the offered instructions denied defendant the right to have the jury determine substantial issues material to her guilt and require reversal of the conviction. (*People* v. *King* (1978) 22 Cal.3d 12, 27 [148 Cal.Rptr. 409, 582 P.2d 1000]; *People* v. *Mayberry, supra,* 15 Cal.3d 143, 157-158.)

I would reverse the judgment.

Newman, J., and Reynoso, J., concurred.

---

[2]I am perplexed by the majority's apparent limitation of the mistake doctrine to would-be "moral leper[s]." The more heinous the crime the more reason to limit defenses, and the majority's suggested limitation appears to turn the usual relationship between law and morality upside down.

[3]It has been held that advice of counsel that prohibited conduct is lawful is not a defense because it would place the advice of counsel above the law. (See 1 Witkin, Cal. Crimes, *supra,* § 150, pp. 143-144.) Counsel's advice in the instant case is relevant to establish good faith; it does not in and of itself establish a defense.