Filed 3/6/15  In re A.R. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.R., a Person Coming Under the Juvenile Court Law. | H041047 (Santa Clara County Super. Ct. No. JV40060) |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>A.R.,<br><br>      Defendant and Appellant. | |

At disposition on multiple juvenile wardship petitions, A.R. was declared a ward of the court.[1]  The juvenile court ordered him placed at the Santa Clara County Juvenile Rehabilitation Facilities, Enhanced Ranch Program and, upon successful completion of that program, returned to parental custody under the supervision of the probation officer. The court ordered A.R. to "not use or possess any graffiti-related materials or engage in any illegal graffiti-related activity."

On appeal, A.R. contends that this probation condition is unconstitutionally vague and overbroad.  A claim that a probation condition is unconstitutionally vague or

---

[1]  A.R. admitted certain allegations on petitions A, C, and D.  Count 2 of Petition A was dismissed with a *Harvey* waiver (see *People v*. *Harvey* (1979) 25 Cal.3d 754).  That count alleged that A.R. committed vandalism (Pen. Code, § 594, subds. (a) & (b)(2)(A)) by "maliciously defac[ing] with graffiti and other inscribed material property, school fixtures/premises, not his/her own, in the amount of less than four hundred dollars ($400).

unconstitutional overbroad on its face is not forfeited by the failure to raise it in the juvenile court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889 (*Sheena K.*).) We agree that, in the absence of an express requirement of knowledge, the prohibition against using or possessing any graffiti-related materials is unconstitutionally vague on its face and, consequently, we will modify the probation condition.

*Discussion*

A. *Unconstitutional Vagueness*

A.R. asserts that the graffiti condition is unconstitutionally vague because it does not contain a knowledge requirement and does not provide him with adequate notice of what is required of him. He maintains that the condition "must be stricken or, if possible, modified to lawfully achieve an intended legitimate purpose."

In particular, A.R. argues that "the phrase 'graffiti-related materials' is extraordinarily vague because it does not define these materials . . . ." A.R. contends that the condition requires him "to speculate as to what other people might consider to be 'graffiti-related materials' or 'graffiti activity.' " A.R. also claims the condition is unconstitutionally vague because it lacks a knowledge requirement and "he could be in possession of the prohibited items without knowing it." The People suggest modification of the condition to require A.R. to "not *knowingly* use or possess any graffiti-related materials, or *knowingly* engage in any illegal graffiti-related activity." A.R. maintains that the People's proposed modification does not cure the unconstitutional vagueness.

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' (*People v. Castenada* (2000) 23 Cal.4th 743, 751, [97 Cal.Rptr.2d 906, 3 P.3d 278].) The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice

2

to potential offenders' (*ibid.*), protections that are 'embodied in the due process clauses of the federal and California Constitutions. (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7).' (*Ibid.*)" (*Ibid.*)

"The vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citations.]' [Citation.] A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.] In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

In *Sheena K.*, which A.R. cites, the probation condition at issue prohibited Sheena from associating " 'with anyone disapproved of by probation.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 880.) That "condition did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her probation officer." (*Id.* at pp. 891-892.) The Supreme Court agreed that "modification to impose an explicit knowledge requirement [was] necessary to render the condition constitutional. [Citations.]" (*Id.* at p. 892.) *Sheena K.* indicates that a vagueness problem may arise whenever a probation condition imposes general, categorical restrictions on conduct but does not provide adequate notice that particular conduct is within the purview of the condition.

"A condition is sufficiently precise if its terms have a 'plain commonsense meaning, which is well settled . . . .' (*People v. Rodriquez* (1975) 50 Cal.App.3d 389, 398 . . . ; see also *People v. Morgan* (2007) 42 Cal.4th 593, 605 . . . [' " 'any reasonable

3

and practical construction' " ' of the statutory language at issue defeats a vagueness challenge].)" (*In re R.P.* (2009) 176 Cal.App.4th 562, 566-567.)  The phrase "graffiti-related materials" is reasonably understood as referring to materials for creating graffiti. The word "graffiti" is defined by a dictionary as "inscriptions, slogans, drawings, etc. scratched, scribbled, or drawn, often crudely, on a wall or other public surface." (Webster's New World Dict. (4th college ed. 2008) p. 616.)  The word "materials" is defined by a dictionary as "implements, articles, etc. needed to make or do something [writing *materials*]."  (Webster's New College Dict., *supra*, at p. 886.)  The general phrase "graffiti-related materials" is not so vague that people of common intelligence must guess at its meaning.  (See *Sheena K.*, *supra*, 40 Cal.4th at p. 890.)  Moreover, as the United States Supreme Court has recognized in the context of a vagueness challenge, "[c]ondemned to the use of words, we can never expect mathematical certainty from our language."  (*Grayned v. City of Rockford* (1972) 408 U.S. 104, 110 [92 S.Ct. 2294], fn. omitted.)

We recognize, however, the challenged graffiti condition suffers from a *Sheena K.* type of deficiency in that A.R. might be unaware that a particular item comes within the generally described class of materials.  The inclusion of a scienter requirement, however, "may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed."  (See *Village of Hoffman Estates v. Flipside*, *Hoffman Estates*, *Inc.* (1982) 455 U.S. 489, 499, fn. omitted; see also *Posters 'N' Things*, *Ltd.*, *et al. v. United States* (1994) 511 U.S. 513, 526 [the court's inference of a scienter requirement assisted in avoiding any vagueness problem with the Mail Order Drug Paraphernalia Control Act].)  Consequently, we will add an express knowledge requirement with respect to the prohibited use or possession of "graffiti-related materials" to ensure that minor has fair notice of what is expected of him.  Thus, A.R. will violate probation only if he uses or possesses items that he knows qualify as "graffiti-related materials," i.e., materials for creating graffiti.

4

A.R. has an additional concern that he might, unbeknownst to himself, possess graffiti-related materials. He suggests, for example, that "someone could ask him to carry a backpack with marking substances or graffiti tools in it" or lend him "a jacket with such objects in the pockets." We agree that, as the graffiti condition was written, the mental state necessary to establish a violation of probation for the use or possession of any graffiti-related materials is uncertain. The condition does not specify any mental state and conceivably the condition could be construed as making A.R. responsible for the mere unknowing possession of such materials. That potential uncertainty will be eliminated, however, since we will add an express knowledge requirement to the probation condition.

A.R. also maintains that the condition is unconstitutionally vague because it does not require him to know that he is engaging in illegal graffiti-related activity. Here, we disagree. "Activity" is a very broad term that covers "any specific action or pursuit." (Webster's New College Dict., *supra*, at p. 14.) The phrase "graffiti-related activity" is reasonably understood as referring to activities related to creating graffiti. The word "illegal" means "prohibited by law." (Webster's New College Dict., *supra*, at p. 710.) The express prohibition against engaging in any illegal graffiti-related activity is merely a subset of the implicit probation condition requiring a probationer to "obey all laws." (See *People v. Leal* (2012) 210 Cal.App.4th 829, 838.) The express prohibition is sufficiently precise to give A.R. fair warning that he will violate probation if he engages in graffiti-related activity that is illegal.[2]

---

[2] A number of different statutes criminalize conduct related to graffiti. For example, "[e]very person who maliciously commits any of the following acts with respect to any real or personal property not his or her own, in cases other than those specified by state law, is guilty of vandalism: (1) Defaces with graffiti or other inscribed material . . . ." (Pen. Code § 594, subd. (a).) As used in Penal Code section 594, "the term 'graffiti or other inscribed material' includes any unauthorized inscription, word, figure, mark, or design, that is written, marked, etched, scratched, drawn, or painted on (continue)

To the extent that A.R. may be contending that the prohibition is unconstitutionally vague because it does not require him to know that any "graffiti-related activity" in which he engages is illegal, we reject the contention. That argument is inconsistent with the "fundamental principle that, in the absence of specific language to the contrary, ignorance of a law is not a defense to a charge of its violation." (*Hale v. Morgan* (1978) 22 Cal.3d 388, 396; see *People v. Snyder* (1982) 32 Cal.3d 590, 592-593 [defendant's lack of knowledge that she was a convicted felon forbidden to possess concealable firearms no defense]; see also Pen. Code, § 7, subd. 5 [As a general rule, "[t]he word 'knowingly' imports only a knowledge that the facts exist which bring the act or omission within the provisions of this code" and "[i]t does not require any knowledge of the unlawfulness of such act or omission."].) For this reason, we will modify the graffiti condition to make clear that no knowledge requirement applies to the prohibition against engaging in any illegal graffiti-related activity.

B. *Unconstitutional Overbreadth*

A.R. asserts that the challenged graffiti condition is "unconstitutionally overbroad because it restricts [his] possession of objects regardless of their function or use, and regardless of his intent in possessing such objects." He claims that the condition "prohibits [him] from possessing a pen or pencil, any kind of paint, or any number of substances and implements." Citing California Constitution, article I, section 1, A.R. complains that the condition "impinges upon [his] fundamental constitutional right to

---

real or personal property." (Pen. Code, § 594, subd. (e).) As another example, "[e]very person who possesses a masonry or glass drill bit, a carbide drill bit, a glass cutter, a grinding stone, an awl, a chisel, a carbide scribe, an aerosol paint container, a felt tip marker, or any other marking substance with the intent to commit vandalism or graffiti, is guilty of a misdemeanor." (Pen. Code, § 594.2, subd. (a).) For purposes of Penal Code section 594.2, "marking substance" "means any substance or implement, other than aerosol paint containers and felt tip markers, that could be used to draw, spray, paint, etch, or mark." (Pen. Code § 594.2, subd. (c)(2).)

possess property, and is not narrowly tailored to the state's compelling interest in his reformation and rehabilitation."[3]

It is well established that "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

The constitutional problem of prohibiting use or possession of common objects that may potentially be used for legitimate purposes as well as improper purposes is not new. The addition of a knowledge requirement corrects the potential overbreadth problem by narrowing the condition to objects whose nature is known by the probationer to fit within the proscription. (See e.g., *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 594 [trial court directed to add knowledge requirement to proscription against use or possession of intoxicants since that word "may include common items such as adhesives, bath salts, mouthwash, and over-the-counter medicines"]; *People v. Lopez* (1998) 66 Cal.App.4th 615, 629 [condition had to be modified to require defendant not to "wear or possess any item of gang clothing known to be such by defendant"].) No reasonable person would read the graffiti condition as modified to mean that A.R. cannot use or possess a pen, pencil, or marker for legitimate purposes, such as doing school work.

---

[3]     California Constitution, article I, section 1 states: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, *acquiring, possessing, and protecting property*, and pursuing and obtaining safety, happiness, and privacy." (Italics added.)

Those materials would not be known by A.R. to be "graffiti-related." We decline A.R.'s request to strike the graffiti condition.

## DISPOSITION

The challenged probation condition is modified to read: "That said minor not knowingly use or possess any graffiti-related materials and said minor not engage in any illegal graffiti-related activity." As modified, the dispositional order is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.