Filed 4/19/16  P. v. Clutter CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAIL JAMES CLUTTER,<br><br>    Defendant and Appellant. | B257359<br><br>(Los Angeles County<br>Super. Ct. No. MA060540) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frank M. Tavelman, Judge.  Affirmed.

Alan E. Spears, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

## INTRODUCTION

Defendant Michail James Clutter appeals from a judgment of conviction entered after a jury found him guilty of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), possession of ammunition by a prohibited person (*id*., § 30305, subd. (a)(1)), and possession for sale of a controlled substance (Health & Saf. Code, § 11378). The trial court sentenced defendant to four years and four months in state prison and suspended execution of the sentence, placing him on five years of formal probation. On appeal, defendant contends that the trial court erred in failing to instruct on his mistake of fact defense to the firearm and ammunition charges. Because this contention is contrary to the holding in *People v. Snyder* (1982) 32 Cal.3d 590 (*Snyder*), we affirm.

## FACTUAL BACKGROUND

In 2002, defendant sustained two separate felony convictions for possession of methamphetamine in violation of Health and Safety Code section 11377.

In August 2013, the police went to defendant's house to conduct a probation search of his son's girlfriend, who lived with the son in defendant's house. Upon searching defendant's bedroom, the police discovered 4.35 grams of methamphetamine, two smoking devices, a digital scale, and a price list for various quantities of methamphetamine. The police also found in that bedroom a loaded 12-gauge shotgun between the mattress and the headboard, 12-gauge ammunition on a shelf above the headboard, and a second shotgun in the bedroom closet. Defendant told the police that the methamphetamine was for his personal use and that the shotguns were for protecting his property. The police also noticed security cameras attached to the outside of the house with a monitor in the garage that displayed a live feed.

At trial, defendant admitted that the methamphetamine, weapons, and ammunition found in his bedroom belonged to him. He denied, however, that he possessed the methamphetamine for sale. He also denied being a convicted felon. He testified that his two prior drug convictions were reduced to misdemeanors pursuant to an agreement between the prosecutor and his counsel. Under the purported agreement, both lawyers had agreed in open court that his felonies would be reduced to misdemeanors upon his

2

successful completion of probation. Defendant presented no evidence of any agreement; and he did not file a motion or go to court to reduce his convictions to misdemeanors.

### DISCUSSION

Defendant argues that the jury should have been instructed that his erroneous belief that the felony convictions were reduced to misdemeanors was a mistake of fact that would preclude him from having the requisite intent to commit the crimes of unlawful possession of a firearm and ammunition. The California Supreme Court long ago rejected this same argument. (*Snyder*, *supra*, 32 Cal.3d at p. 595.)

In *Snyder*, the defendant was convicted of possessing a concealable firearm by a felon, based on her prior felony conviction for selling marijuana. She contended "that the trial court erred in excluding evidence of her mistaken belief that her prior conviction was only a misdemeanor." (*Snyder*, *supra*, 32 Cal.3d at p. 591.) In rejecting the contention, the court noted that possession of a firearm by a felon is a general intent crime requiring the prosecution to prove only that the defendant intended to possess the weapon. (*Id*. at p. 592.) There is no further knowledge requirement, including "knowledge of one's legal status as a convicted felon." (*Id*. at pp. 592-593.) On the contrary, the defendant was "charged with knowledge that the offense of which she was convicted [citation] was, *as a matter of law*, a felony." (*Id*. at p. 593.) As a result, the defendant's alleged mistake about her status was irrelevant: "Thus, regardless of what she reasonably believed, or what her attorney may have told her, [the] defendant was deemed to know *under the law* that she was a convicted felon forbidden to possess concealable firearms. Her asserted mistake regarding her correct legal status was a mistake of law, not fact. It does not constitute a defense to [the weapons possession charge]." (*Ibid*.)

Defendant argues that *Snyder* is distinguishable because the felony convictions in this case were capable of being reduced to misdemeanors under Penal Code section 17, subdivision (b). This distinction, however, goes only to the potential reasonableness— not the essential character—of the mistake. The fundamental point in *Snyder* is that a defendant's knowledge about his or her legal status as a felon is generally "irrelevant" to the crime of possession of a weapon by a felon. (*Snyder*, *supra*, 32 Cal.3d at p. 593.)

3

"[T]he crucial question is whether the defendant was aware that he was engaging in the conduct proscribed by [Penal Code section 29800]." (*Ibid*.)

In this case, defendant admitted knowing that he possessed the shotgun and ammunition. Under *Snyder*, any mistaken belief about whether his felony convictions were reduced to misdemeanors thus had no legal relevance. The trial court properly instructed the jury on this point of law: "If you find beyond a reasonable doubt that the prosecution has proved that the defendant was convicted of a felony, it is not a defense to this crime that the defendant may have believed he was convicted of a misdemeanor. A defendant's asserted mistake regarding the legal status of a crime for which he was convicted is a mistake of law, and does not constitute a defense to the crimes of Possession of a Firearm by a Felon or Possession of Ammunition by a Prohibited Person as alleged in counts 1 and 2."[1]

Accordingly, the trial court was not required to give an instruction on mistake of fact under controlling California authority. Nor was defendant entitled to this instruction as a matter of due process, particularly in light of his position in the trial court. Contrary to his position on appeal—where he claims that he mistakenly believed his convictions had been reduced to misdemeanors—he argued in the trial court that it was the prosecution that was mistaken because the convictions were in fact reduced to

---

[1]    Defendant argues that the facts in his case are similar to those in *People v. Bray* (1975) 52 Cal.App.3d 494, 499 (which was distinguished in *Snyder*). The following excerpt from *Bray*, however, shows that the two cases have little in common: "This decision should not be interpreted to mean instructions on mistake or ignorance of fact and knowledge of the facts are required every time a defendant claims he did not know he was a felon. Here Bray had been convicted in Kansas of what for California is an unusual crime, 'accessory after the fact' and even the prosecutor claimed difficulty in knowing whether it was a felony. In addition, Bray on more than one occasion had been led to believe by state regulatory agencies he was not a felon: he was allowed to vote, he was registered in an occupation allowing him to carry a gun, and he was allowed to buy and register the gun. Throughout the trial, Bray laid the proper foundation for the instructions and he requested them. It is only in very unusual circumstances such as these that the giving of these instructions is necessary." (*Ibid*.)

4

misdemeanors.  His trial counsel explained:  "[We're] not asserting a mistake, and I'm not going to argue . . . to the jury that it was a mistake . . . .  [Our argument is] going to be that he wasn't convicted [of a felony]."  Thus, defendant cannot complain that he was deprived of a fair trial by not obtaining an instruction on a defense that he expressly disavowed.  (See *People v. Rogers* (2006) 39 Cal.4th 826, 872 ["Because defendant was allowed to present the defense he chose, followed by jury instructions he agreed to, he was not denied due process by being deprived of the opportunity to present a complete defense"].)[2]

## **DISPOSITION**

The judgment is affirmed.


BLUMENFELD, J.[*]


We concur:


PERLUSS, P. J.


ZELON, J.

---

[2]     Defendant contends that if we were to conclude that the trial court erred in not instructing the jury on the mistake of fact defense, he would be entitled to a new trial on his conviction for possession of narcotics for sale because the prosecution relied on his possession of a weapon as evidence of his intent to sell the drugs.  Our conclusion obviates the need to address this contention.

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.